## BALL ET UX. *v.* NASH.

MISJOINDER.—*Practice.—Supreme Court.*—Error, in overruling a demurrer to a paragraph of a pleading, for a misjoinder therein of several causes of action, is not available on appeal to the Supreme Court.

From the Tippecanoe Circuit Court.

*J. S. Williams, M. Jones, J. L. Miller* and *E. A. Greenlee,* for appellants.

*J. R. Coffroth,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellants, as defendants, in the court below, to recover the amount of certain promissory notes, executed by the appellant, John Ball, and to foreclose a certain mortgage, executed by both appellants, on certain real estate in Tippecanoe county, Indiana, to secure the payment of said notes. The appellee's complaint was in a single paragraph, and was in the usual form in such cases.

The appellants jointly demurred to appellee's complaint, for an alleged misjoinder of several causes of action, regarding each note as a separate cause of action, in a single paragraph of complaint. This demurrer was overruled by the court below, and to this decision appellants excepted.

Appellants then jointly answered, admitting the execution of the notes and mortgage mentioned in appellee's complaint, but averring that the same had been fully paid before the commencement of this action. To this answer, appellee replied in denial.

. And this action, being at issue, was tried by the court below, without a jury, and a finding made and judgment rendered, in favor of appellee, for the amount due on the notes, and for the foreclosure of the mortgage and the sale of the mortgaged property.

There was no motion for a new trial, in the court below, and no objection or exception to any of the proceedings had after the issues were joined.

In this court, the appellants have separately assigned several alleged errors, only one of which is available to the appellants, in this court, as here presented, for any purpose.

The one available error, alleged by each of the appellants, is, that the court below erred in overruling their joint demurrer to appellee's complaint, for an alleged misjoinder of causes of action.

Appellants' attorneys have been kind enough not to urge this alleged error upon our consideration, and we might almost regard it as waived. We simply remark, in connection therewith,

1. That there is nothing in this alleged error; and,

2. That if there was, the 52d section of our code of practice expressly provides, that "No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action." 2 R. S. 1876, p. 59.

The judgment of the court below is affirmed, with ten per centum damages, at the costs of the appellants.