GARDNER MORSE AND OTHERS *vs.* HERRICK P. FROST AND OTHERS.

New Haven Co., June T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

When property has been sold on time for a price payable in installments on different dates, and notes have been given for the installments, which have become due and are unpaid, the creditor, in an action for the amount due, may allege in a single count that the debtor owes him to an amount equal to the entire price and that his obligation to pay is evidenced by several promissory notes, and may prove this debt by the introduction of the notes in evidence.

[Argued June 2d—decided July 8th, 1886.]

ACTION to recover the price of certain land sold, for which sundry promissory notes had been given; brought to the Superior Court in New Haven County. The complaint in one count set forth nine promissory notes of $400 each, dated June 1st, 1872, and payable in four years from date; a second count set forth three promissory notes of the same date for $500 each, payable six years from date; and a third count, added by amendment, set forth an indebtedness of $5,100 evidenced by the twelve promissory notes before mentioned. At the time the suit was brought all the notes were overdue and unpaid. Of the three defendants, one set up a discharge in bankruptcy and had judgment in his favor, one suffered a default, and the other demurred to the complaint as amended on the ground that there were several distinct causes of action set up in each count, and moved

that the suit be dismissed so far as the nine notes of $400 each were concerned, on the ground that they were within the sole jurisdiction of the Court of Common Pleas. The court (*Stoddard, J.*,) overruled the demurrer and motion and rendered judgment against the two defendants. The last mentioned defendant appealed to this court. The case is sufficiently stated in the opinion.

*W. L. Bennett*, for the appellants, cited—Practice Act, § 13; *Dennison* v. *Dennison*, 16 Conn., 34; *Nichols* v. *Hastings*, 35 id., 546; *Camp* v. *Stevens*, 45 id., 92.

*J. B. Morse*, for the appellees.

PARDEE, J. In 1872 the defendants purchased a piece of land upon time and evidenced their obligation to pay the price, namely, $5,100, by their twelve joint promissory notes —nine for $400 each, payable four years from date, and three for $500 each, payable six years from date. All are due, unpaid and the property of the plaintiffs. The first paragraph of the original complaint counts upon the first nine, and the second paragraph upon the last three. The first paragraph of the amendment counts upon an indebtedness of the defendants in the sum of $5,100, with the allegation that it is evidenced by notes as above set forth, concluding with an ad damnum of $5,500. To the complaint as amended the defendants demurred, for the reason that it sets forth twelve distinct causes of action in one count. Upon the trial one of the defendants moved the dismissal of the action so far as it is based upon the nine notes for $400 each, for the reason that the subject matter of the action on the notes is not within the jurisdiction of the Superior Court, but is within the jurisdiction of the Court of Common Pleas. The demurrer and motion were overruled; judgment was rendered for the plaintiffs, and the defendants have appealed.

In saying that there is no error in the judgment we are required neither to determine, nor discuss even, the ques-

tion whether the plaintiffs could or could not institute twelve suits; nor the question as to the effect of a suit and judgment upon a single note upon the right to a subsequent judgment upon the others. Only this, that when property has been sold on time and the price is made to become due in installments payable on different dates, and all become due and are unpaid, the creditor may allege in one count that the debtor owes him to an amount equal to the entire price and that his obligation to pay is evidenced by several promissory notes, and prove this debt by the introduction of the notes in evidence. It is simply the indebitatus count in general assumpsit with such additional narrative of facts as the Practice Act requires. Under the facts of this case it would be a reproach to the law, if, contrary to the will of the plaintiffs, it permitted the defendants to draw upon themselves the consequences of their prayer, namely, the payment of several bills of costs where only one is necessary.

There is no error in the judgment complained of.

In this opinion the other judges concurred.