## WILLIAM W. HAMILTON v. THE PLAINWELL WATER-POWER COMPANY (A CORPORATION).

### Pleading—Damages—Flooding of lands.

We know of no rule of pleading which prevents a recovery under one count for several items of damage arising from the *same* cause, if the defendant is responsible for *that* cause; citing *Witheral v. Booming Co.*, 68 Mich. 48.

So *held*, in a suit to recover damages caused by the alleged wrongful flooding of plaintiff's land by the use of flash-boards on defendant's dam. The declaration covered several years, but alleged that the flooding was caused *each* year by the use of said flash-boards.

Error to Allegan. ··(Arnold, J.)    Argued April 30, 1890.    Decided May 16, 1890.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Osborn & Mills*, for appellant.

*Jacob V. Rogers*, for plaintiff.

CAHILL, J. Plaintiff sued defendant before a justice of the peace of the township of Plainwell, Allegan county, to recover damages for injuries caused by the flooding of his lands, situated on the banks of Kalamazoo river at Plainwell, which were occupied and used by him for the raising of fruits and vegetables. He recovered judgment before the justice, and the defendant appealed. In the circuit court the case was tried before Hon. Dan J. Arnold, circuit judge, without a jury, who filed a written finding, upon which a judgment was rendered for the plaintiff for $55. The defendant brings error.

The plaintiff's declaration alleged that, at the time of

the committing of the grievances complained of, he was
and had been possessed of certain garden, fruit, and agri-
cultural lands in the village of Plainwell, situate near
to the race running from the dam, across the Kalamazoo
river, on section 32, and the waste weir, in the village of
Plainwell, where the race empties into the Kalamazoo
river, on section 29, and that his lands bordered upon
and formed a portion of the right bank and boundary of
said race.    That the defendant owned and controlled said
race, and that it was its duty to keep the waters of said
race confined within the channel thereof, but, that the
said defendant,—

"Contriving and intending to injure, damage, and
prejudice the plaintiff in this behalf, heretofore, to wit,
on May 1, 1884, and at divers days and times during the
year 1884, and at divers days and times during the year
1885, and at divers days and times during the year 1886,
and at divers days and times during the year 1887, and
divers days and times during the year 1888, at Plainwell,
in said county, and before the commencement of this suit,
with certain boards and other appliances, stopped,
dammed up, and raised the waters in said race, and
thereby kept it from running and flowing within the chan-
nel and between the banks of said race, where it ought to
have run and flowed, and thereby caused the water of said
race to flow upon and across the aforesaid lands of the
plaintiff, and to stand and remain upon the aforesaid
lands of the said plaintiff for a long space of time at
divers time, to wit, for the space of three months, each
and every year heretofore mentioned, and thereby destroyed
the aforesaid products, produce, crops, vines, and bushes
and improvements of the said plaintiff, and prevented the
plaintiff from and deprived him of the use, tillage, and
cultivation thereof, and deprived him of the products,
produce, income, and profits of said lands. whereby the
said plaintiff hath lost and been deprived of a great num-
ber, to wit, a large quantity, of berries and products, to
wit, one hundred dollars, one hundred bushels of wheat,
one thousand bushels of potatoes, to wit, one hundred
dollars, one thousand bushels of fruits, roots, and vege-
tables of great value and profit to plaintiff of one

hundred dollars, which he might and otherwise would have had and received by the aforesaid use, tillage, cultivation, and improvement of said lands, and has been otherwise greatly injured and damaged."

The defendant pleaded the general issue.

Upon the trial the plaintiff put in evidence tending to show that he was in possession of the lands described in the declaration, and had been, for the years 1884, '85, '86, '87, and '88, under a contract to purchase a part of said land, and under a lease as to the remainder; that the lands were valuable for gardening and fruit raising; that he had set out strawberry plants certain years upon part of the land, and had attempted to raise vegetables upon other parts, but that during some part of each of these years the lands had been flooded by water overflowing from the defendant's race; that he had ascertained, by examination of the defendant's dam, that defendant was in the habit of putting on flash-boards for the purpose of raising the water in the race; that, when such flash-boards were on, the water would be raised to such an extent during the years mentioned as to deprive him of any use of the lands; and the rental value of the lands was $10 a year. The defendant put in no evidence.

The circuit judge found the facts to be as claimed by the plaintiff, and assessed his damages at $55.

The main ground of error relied on by the defendant relates to the admissibility of any evidence under the declaration, based upon the objection that the plaintiff could not recover in an action on the case under one count for damages claimed to have been sustained on account of several distinct and separate torts committed at separate and distinct times during several consecutive years. The argument is made that the defendant could only be held liable in this case for such injuries as were occasioned by its negligence; that such negligence might

consist one year in the neglect to remove the flash-boards, and another year the injury might be caused by some other act of negligence, and in other years it might be occasioned by floods for which the defendant would not be responsible. And it is claimed that the plaintiff should have set out the wrongs complained of in different counts; that no recovery could be had for the separate and distinct wrongs under a single count. No authorities are cited by counsel for defendant in support of this view.

It is true that the injury complained of might have been occasioned by different causes, in different years, but the plaintiff's declaration alleges otherwise. He charges that the injury was occasioned in each year by the one cause, to wit, the putting on of flash-boards which caused the water to flow back upon plaintiff's land. We know of no rule of pleading which would prevent a recovery under one count for several items of damage arising from the same cause, if the defendant is responsible for that cause. In the case of *Witheral v. Booming Co.*, 68 Mich. 48, the plaintiff, in an action on the case, was allowed to recover under one count for damages to his hay crop for the years from 1881 to 1886, inclusive.

We can see no reason in principle why such a recovery should not be had under one count in case as well as in *assumpsit*. It would be conceded that, under a count for goods sold and delivered, a plaintiff could recover for as many separate and distinct causes of action as he could prove, although the sales may have been distinct transactions in different years.

It is claimed by defendant that the proofs, with the exception of one year, did not definitely show that the injury resulted from damming up the waters with flash-boards. It is true that the testimony is not as clear and distinct as to all of the years as we would like, but the

circuit judge who heard the testimony understood it as tending to show the same facts existing each year, and he has so found. That is conclusive upon us. So, also, of the other facts which defendant claims were not established by the plaintiff's proofs.

We see no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.