SIDLOWSKI *v.* METROPOLITAN LIFE INS. CO.

1. PLEADING—DECLARATION—INSURANCE—COURT RULES.
   Court Rule No. 19, § 5 (1933), does not require that under all circumstances each item therein specified shall be specifically covered in a declaration upon an insurance policy but that if declaration does cover each item it is sufficient, and is to be construed in connection with section 1 of the same rule which provides that declaration is sufficient which will reasonably inform defendant of the nature of the cause he is called upon to defend.

2. SAME—AVERMENT AS TO AMOUNT OF POLICY.
   Failure of plaintiff to declare amount of respective industrial insurance policies sued upon which had been surrendered at its request *held*, an insufficient reason to strike count of declaration where it did state sufficient to reasonably inform defendant of the cause of action it was called upon to defend (Court Rule No. 19, §§ 1, 5 [1933]).

3. SAME—DUPLICITY.
   Count in declaration based on two insurance policies *held*, not bad for duplicity, where sole issue on both policies was that because of the maturity of the two policies, insurer was obligated to pay plaintiff the money due thereunder.

4. APPEAL AND ERROR—PLEADING—GENERAL AND INDEFINITE OBJEC-TION.
   General and indefinite objection urged in motion to dismiss count in declaration that the allegations therein were ''vague, indefinite, uncertain and incomplete'' is not considered where neither record nor briefs indicate in what particular the pleading is faulty.

5. PLEADING—VAGUE, INDEFINITE, UNCERTAIN, OR INCOMPLETE COUNT.
   Count in declaration on two industrial insurance policies *held*, not defective as vague, indefinite, uncertain or incomplete.

Appeal from Kent; Brown (William B.), J. Submitted October 3, 1934. (Docket No. 38, Calendar No. 37,975.) Decided December 11, 1934.

Action by Joseph Sidlowski against Metropolitan Life Insurance Company, a New York corporation, to recover sums allegedly due on insurance policies. From allowance of defendant's motion to strike and dismiss, plaintiff appeals. Reversed.

*Michael Garvey,* for plaintiff.

*Knappen, Uhl, Bryant & Snow,* for defendant.

NORTH, J.   Plaintiff brought suit on two insurance policies issued by the defendant company.   The insured, plaintiff's minor son, died February 9, 1934. The policies were of the so-called industrial type, payable to a husband, wife or any relative by blood or connection by marriage of the insured, or to any other person appearing to the insurer to be equitably entitled to the insurance by reason of having incurred expense in behalf of the insured or for his burial.   Plaintiff filed an amended declaration containing three counts.   Defendant moved to strike each of the counts.   After hearing the parties, the trial court held with the defendant as to each of the counts and entered an order dismissing plaintiff's cause of action.   Leave having been granted, plaintiff has appealed.

The first count in the declaration is in assumpsit and sets forth plaintiff's alleged right to recover on the two policies of insurance.   The second count is for fraud which plaintiff alleges incident to defendant's cancellation of one of the policies.   The third count is made up of the common counts in assumpsit. Incident to hearing the above mentioned motion the trial judge gave plaintiff ample opportunity to amend his declaration but plaintiff declined so to do. Notwithstanding this, if plaintiff's declaration sets

forth a cause of action by specific allegations which reasonably inform defendant of the nature of the cause of action, the order dismissing was erroneous. See Court Rule No. 19, § 1 (1933).

In an orderly manner and in consecutively numbered paragraphs plaintiff sets forth in the first count of his declaration the following facts: That on the 17th day of June, 1929, the defendant issued to plaintiff policy of insurance No. 102660190 insuring the life of plaintiff's minor son, Peter Sidlowski for a weekly premium of 10c "which weekly premium plaintiff has paid in accordance with the provisions of said policy;" that the policy was payable in the manner hereinbefore indicated, the death of the insured, proof of such death furnished to defendant as required by the policy and surrender of the policy to defendant at its request and upon its promise and representation that the insurance would be paid to plaintiff; that no administrator or executor has been appointed for the estate of the insured, that the insured left no estate, and that no other person has made any claim for the money due and owing under said policy; that plaintiff as father of the insured is a beneficiary under the policy and by reason of the acts, conduct and representation of the defendant in securing surrender of the policy by plaintiff defendant has become indebted to plaintiff under said policy in the sum of $100. The foregoing is alleged in paragraphs one to eight inclusive of the first count of the declaration. In the following paragraphs of the first count numbered nine to thirteen inclusive plaintiff sets forth substantially the same facts incident to another policy issued by defendant on the life of plaintiff's deceased son, it being alleged that this second policy was issued April 24, 1933, being No. 114656170, the amount

claimed under this policy being $400. This first count concludes with the allegation that although numerous demands have been made for the money due and owing to the plaintiff under the policies, the defendant has not paid the same and refuses to do so; "wherefore the plaintiff claims a judgment for the sum of six hundred dollars." From the record before us it appears that in the absence of a valid defense, the actual amount due on the first of these two policies is $41.20 and on the other $376, total $417.20.

In support of defendant's motion to strike count one, the following reasons are assigned: That the amount of the respective policies is not specified; that plaintiff's interest under said policies is not shown; that the count is duplicitous; and that the allegations are "vague, indefinite, uncertain and incomplete and for other reasons fail to comply with the rules of this court." The record does not disclose which, if any, of these reasons were relied upon by the circuit judge in dismissing this count. We think none of the reasons is well-founded.

In urging defective pleading because the amount of each of these policies is not specified, defendant relies upon Court Rule No. 19, § 5 (1933), which provides:

"In declaring upon a policy of insurance it shall not be necessary to set forth specifically any more than the execution, the date, the amount of the policy, the premium paid or to be paid, the property or risk insured, the interest of the insured, and the loss."

This section of the rule does not make it imperative that under all circumstances each of the items therein specified shall be specifically covered in a declaration upon an insurance policy. What the

rule does say is that a declaration which does cover each of these items is sufficient and "it shall not be necessary to set forth specifically any more." Defendant's position is too exacting. Especially is this true in a case such as this wherein the policies are alleged by the declaration to be in defendant's possession, having been surrendered by plaintiff to it at its request. The above quoted section of the rule must be construed in connection with section one of the same rule which in effect provides that a declaration is sufficient which "will reasonably inform the defendant of the nature of the cause he is called upon to defend."

Appellee's brief does not cite any authority in support of its contention that this count is duplicitous. The reason appearing in defendant's motion incident to this contention is that in the first count plaintiff "declares upon two separate and distinct policies of insurance." We do not understand that this constitutes duplicity. As commonly stated, the rule is that only one cause of action may be set forth in each count. *Eberbach* v. *Woods*, 232 Mich. 392. However, this rule of pleading is not applied by the courts with too great a degree of rigidity, nor should it be. In the instant case count one presents but a single issue, namely, that because of the maturity of two insurance policies defendant is obligated to pay plaintiff the money due thereunder. If this count is bad for duplicity, then a creditor who sues his debtor on an open account for money due would have to set forth in separate counts each debit item; and a plaintiff could not recover on two promissory notes signed by the same person under a declaration containing a single count. Such is not the law. *Bird* v. *Daniel*, 9 Ala. 302; *Morse* v. *Frost*, 54 Conn. 84 (6 Atl. 182); *Godfrey* v. *Buckmaster*,

1 Scam. (2 Ill.) 447; *Ball* v. *Nash,* 55 Ind. 9; *Ragan* v. *Day,* 46 Iowa, 239.

"Where it is sought to set out two or more causes of action in the same pleading, and joinder of such causes of action in one action is permissible, it is not only proper to set out the different causes of action in separate counts, so that each cause of action will constitute a separate count and each count will embrace only one cause of action, but it is also necessary, as a general rule, to do so. * * * The foregoing rules as to the necessity of separate counts or statements are sometimes relaxed so as not to require the statement in separate counts, or as separate causes of action, of numerous causes of action based upon the same or similar facts (citing in note *Hamilton* v. *Plainwell Water-Power Co.,* 81 Mich. 21) or identical instruments which can be easily described in one count; where the causes of action are not separable from each other by some distinct line of demarcation; or in courts where rigid forms of pleading are not required." 49 C. J., p. 155.

Under the rather liberal rules of pleading prevalent in this jurisdiction, the first count in plaintiff's declaration should not be held to be bad for duplicity.

The record does not sustain appellee's assertion that "the interest of the plaintiff under said policies is not shown." The remaining objection urged in support of the motion to dismiss is that count one is too "vague, indefinite, uncertain and incomplete," etc. Nowhere in the record or briefs is it pointed out in what particular the pleading is vague, indefinite, uncertain or incomplete. Under such conditions, general and indefinite objections of this character are without force. However, we fail to find that count one of the declaration is defective in any of these particulars or for any reason urged in support of defendant's motion to strike it from the

declaration. Since count one of the plaintiff's declaration states a cause of action against defendant the judgment entered in the circuit court dismissing the suit was erroneous. It is unnecessary to consider the objections raised to other counts in the declaration.

The judgment entered is reversed and the case remanded to the circuit court for further proceedings therein. Costs to appellant.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.