# HENRY W. OSTROM v. ALBERTSON POTTER AND FRANK POTTER.

*Justices of the peace—Trespass—Title to lands—Certifying case to circuit.*

1. A verbal notice under How. Stat. § 6890, that the title to lands will come in question, given by a defendant in an action of trespass to lands in justice's court, unaccompanied with the required statutory bond, is properly disregarded by the justice.

2. A title, or claim of title, is not in question unless it is in issue in the case; and it is not in issue unless the title, or claim of title, is essential to the plaintiff's right of recovery, or to defeat a recovery in the action.

3. Where, in an action of trespass in justice's court, the declaration made no claim of title, and the defendant pleaded the general issue, and it appeared that the acts complained of were committed in that half of a public highway adjoining the land described in the declaration, thus necessitating proof of title, actual or constructive, on the part of the plaintiff in order to a recovery, which he sought to furnish by testifying to his occupancy and ownership of the land, such testimony brought him within the provisions of How. Stat. § 6895, and the justice should have certified the case to the circuit court, defendant not admitting said title.

4. It was not the design of the Legislature to confer upon justices' courts jurisdiction to try titles to lands, and they have provided a way, in actions for trespass or other actions where the damages claimed fall within the jurisdiction of the court, where the title to land may be involved, for a trial before the justice, namely, where the title claimed is *admitted.* In such cases the *title* is not tried.

Error to Oakland. (Stickney, J.) Argued May 16, 1888. Decided June 22, 1888.

Trespass to lands. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Augustus C. Baldwin,* for appellant.

*J. Ten Eyck*, for defendants.

CHAMPLIN, J.   This case originated in justice's court, and was brought to recover damage for digging and carrying away three loads of dirt, worth 20 cents a load. The action is trespass, and the *locus in quo* was shown to be in a public highway, between the center thereof and the plaintiff's inclosure.   The declaration, omitting the formal parts, is as follows :

"The plaintiff, Henry W. Ostrom, in this cause complains of the defendants herein in a plea of trespass, for that the defendants, on, to wit, the 4th day of June, 1885, with force and arms the close of said plaintiff, situate in town of Avon, described as follows, being 16 acres of land in south-west corner of south-east quarter of section 16, said town of Avon, Oakland county, did dig and remove the soil and dirt, and thereby leave a dangerous excavation on his said above farm, and they (the said defendants) did break and enter, and with their feet in walking, and with horses, trod down and trampled upon and destroyed the grass of said plaintiff, to the damage of said plaintiff in the sum of $100."

The defendants pleaded orally the general issue, and gave notice as follows :

"That the *locus in quo* stated in the declaration where the trespass is claimed to have been committed was a public highway, and that whatever was done there by the defendants was done for the purpose of improving said highway."

As this notice was not reduced to writing, as the statute requires, nor was a bond tendered the justice for the purpose of removing the case to the circuit court for trial, the notice was therefore a nullity, and was rightly disregarded by the justice.

The cause was tried, and resulted in a judgment for the plaintiff.   The defendants removed the case to the circuit court by writ of *certiorari*.   On the trial before the justice, the plaintiff testified, as a witness in his own

behalf, that he was the owner of, and then occupied and resided on, the premises described in the declaration. The defendants' attorney objected to the testimony, and asked to have it stricken out for the following reasons:

1. That, if proof of ownership was necessary, then the title deed of plaintiff was the best evidence.

2. That there is no averment in the declaration that plaintiff was the owner of the premises described in the declaration.

3. That title to land cannot be tried in a justice's court.

The objections were overruled, and plaintiff further gave testimony that defendants came upon his premises, and dug up and took away three loads of dirt from the north side of the highway, which runs upon the south side of his premises; that it was taken inside of the highway, about 12 feet from the center of the traveled part of the road; that the road was a public highway, and no part of the trespass was committed outside of the highway, or on any part of his said premises outside of the highway.

The defendants' attorney stated to the justice that they did not admit that the plaintiff "had the title to the *locus in quo*," and moved the court to certify the proceedings to the circuit court for Oakland county, without further proceedings in the justice's court, for the reason that the title to the place where the trespass was committed came in question on plaintiff's own showing.

The circuit court reversed the judgment, and the case is brought here by writ of error.

The statute provides:

"If it appear on the trial, from the plaintiff's own showing, that the title to lands is in question, which title shall not be admitted by the defendant, the justice shall, without further proceeding, certify the cause and paper to the circuit court of the county, where the same shall be tried." How. Stat. § 6895.

It is claimed by the counsel for defendants that the plaintiff could not recover for injuries done in the highway to his premises, without proving his title to the land over which the highway is laid, because such highway is open to the common use of the public, and is not in the actual possession of the plaintiff.

In *Whiting v. Dudley*, 19 Wend. 373, Mr. Justice Cowen said:

"It is very difficult to separate the trial of a right of public way from that of a right to land. . * .* * But an action of trespass between party and party, or any other action involving an inquiry as to the existence or extent of a highway through the party's land, respects the nature of his title, as whether it be absolute or qualified. The statute is that a justice cannot try a cause where the *title* to lands shall *in anywise come in question;* and if this appear on the plaintiff's own showing, and be disputed, the justice shall dismiss the case."

*Willoughby v. Jenks*, 20 Wend. 96, was a case where the plaintiff brought trespass for digging up the soil, and destroying the grass and herbage of plaintiff. On the trial, he proved that the defendant had caused to be dug up and removed the ground in a street called "Willoughby Street," opposite two lots owned and occupied by him. The defendant moved to dismiss the cause for want of jurisdiction in the court to proceed, on the grounds—

1. That plaintiff had failed to show possession in himself of the *locus in quo.*
2. That, by the plaintiff's own showing, it appeared that the title to land was in question.

Mr. Justice Cowen, in deciding the case, pointed out very clearly the reason why the title to land necessarily came in question by the plaintiff's own showing in the case at bar. He said:

"But there are cases in which the plaintiff cannot maintain an action at all without showing a *title;* these arise where he has no actual possession at the time when

the trespass is committed. In such case he must make out a constructive possession by showing an *actual title*. He must do so where the land is entirely wild, vacant, or common; indeed, in all cases where a *pedis possessio* cannot be shown. That is emphatically so where land is traveled and used as a public highway. It is open and common to all the world,—apparently as much so as the plaintiff himself. To make out a constructive title, he may prove himself in actual possession of land adjoining the highway. The law then presumes that he is the owner of the soil *usque filium viæ*."

See, also, *Little v. Denn*, 34 N. Y. 452; *Adams v. Rivers*, 11 Barb. 390.

In the case under consideration it was impossible for the plaintiff to prove his cause of action without bringing the title of land in question. He was not in the actual possession of the highway. This being so, he could only recover in trespass by proving title, actual or constructive. He proved a constructive title by showing actual occupancy of the adjoining lands. But he did more. He testified that he was the owner of the adjoining premises. This testimony of the ownership and occupancy of the adjoining premises for the purpose of raising a presumption of title in the highway brought him within the section of the statute above quoted, and the justice should have certified the cause to the circuit court.

It was not the design of the Legislature to confer upon justices' courts jurisdiction to try titles to lands, and they have provided a way, in actions for trespass or other actions where the damages claimed fall within the jurisdiction of the court, where the title to land may be involved, for a trial to be had before the justice, namely, where the title claimed is admitted. In such cases the title is not tried. The statute provides that when the claim of title is made in the declaration, and the defendant pleads thereto the general issue, and does not tender

a bond to remove the case to the circuit court, the justice shall have jurisdiction of the cause, and shall proceed therein ; and the defendant shall be precluded in his defense from all evidence drawing in question the title to the lands, and any claim of title to lands made by the plaintiff in his declaration, and therein described, shall be deemed to be admitted by the defendant.

The statute is framed upon the theory that the plaintiff knows, when he plants his action, whether his case involves a claim of title to lands, and, if so, he should set it forth in his declaration. The defendant is then at liberty to admit, and go to trial before the justice ; or, if he does not wish to do so, he can file his bond, and pay the costs thus far incurred, and the justice his fees, and have the cause removed. If no claim of title appears in the declaration, and he cannot make out his defense without proving title, he may give notice that the title of land will come in question, and tender his bond, and have the cause removed.

If the declaration is so framed, as it was in this case, to avoid the claim of title, then if it appear on the trial, from the plaintiff's own showing, that the title of lands is in question, which shall not be admitted by the defendant, it becomes the duty of the justice to certify the cause to the circuit court.

It may be remarked that a title, or claim of title, is not in question unless it is in issue in the case ; and it is not in issue unless the title, or claim of title, is essential to the plaintiff's right of recovery, or to defeat a recovery in the action. This case illustrates the principle. When it appeared, from plaintiff's showing, that the place where the trespass was committed was in the public highway, he showed that it was in a place where he had no actual possession. The injury, therefore, was not to his pos-

71 MICH.—4.

session, but to his freehold ; and it became necessary for him to show his title in order to show his injury.

The judgment of the circuit court must be affirmed.

The other Justices concurred.