JOHN ORRIS v. LESTER KEMPTON.

*Justices' courts—Trespass—Highways—Title to lands—Pleading—
Certifying case to circuit.*

1. The declaration in an action of trespass in justice's court
   averred that the defendant, with force and arms, the lands
   and premises of the plaintiff (describing them) broke and
   entered, and carted and hauled away from said land a
   quantity of earth or sand, being the property of the plaintiff,
   etc. And it is held that the declaration failed to aver that
   the title to the land was in the plaintiff, and that the giving
   of the description of the land only tended to identify the
   place where the alleged trespass was committed.

2. The plaintiff, to prove his cause of action, testified that he
   was the owner of the land described in the declaration, and
   had been in actual possession thereof for 16 years; that said
   land abutted on a public highway; that the alleged tres-
   pass consisted in removing, from that half of said highway
   adjoining said land, a load of dirt, by direction of the high-
   way commissioner. And it is held that the plaintiff was
   not in the actual possession of the land where the trespass
   was committed, it being part of a public highway, and that
   he could only recover by showing title to the adjoining land,
   and, having sought to make such proof of title, and the
   defendant not admitting it, the case should have been
   certified to the circuit court.

Error to Berrien. (Coolidge, J.) Submitted on briefs
April 18, 1895. Decided April 30, 1895.

Trespass. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*George W. Skinner*, for appellant.

*C. M. Van Riper*, for defendant.

HOOKER, J. Plaintiff brought trespass *quare clausum*

in justice's court. The declaration was in writing, and charged that the defendant,—

"With force and arms, the lands and premises of the said plaintiff, situated," etc., "and known as the north-west quarter of the north-east quarter of section eleven," etc., "broke and entered," etc.

The defendant pleaded the general issue. To prove his cause of action, the plaintiff testified that he was the owner of the land described, and had been in actual possession of the same for 16 years; that there was a highway on the north boundary line of said premises; that the trespass consisted in defendant's drawing a load of dirt, by direction of the highway commissioner, from within the limits of the public highway upon said premises. The defendant then asked the justice to certify the case to the circuit court upon the ground that title to land was brought in question by the plaintiff. Judgment for the plaintiff was reversed upon *certiorari* by the circuit court, and the plaintiff brings it to this Court by writ of error.

It seems to be conceded that the dirt was taken from an existing public highway. Under the case of *Ostrom v. Potter*, 71 Mich. 44, plaintiff was not in the actual possession of the land where the trespass was committed, and could only recover by showing that he had title to the premises. Plaintiff's answer to this is that the declaration averred title, but we think there is no force in this. It nowhere states that he was owner of the premises, in fee or otherwise. It might as well have followed the usual form, by stating that defendant broke and entered the close, as to have used the term "lands and premises," while giving the description only tended to identify the place. The plaintiff, realizing the necessity, sought to prove title in himself, and, defendant not admitting it, the case should have been certified to the circuit court.

The judgment of the circuit court must be affirmed.

The other Justices concurred.