### MAYNARD *v.* REYNOLDS.

1. TRESPASS—CUTTING TREES—HIGHWAY—TITLE.

    Where plaintiff brought an action for trespass in cutting trees located in the highway, he could recover only by proving title to the land on which the trees stood.

2. SAME—PLEADING—GENERAL ISSUE.

    A plea of the general issue in justice's court, without the notice and bond prescribed by 1 Comp. Laws, §§ 782–786, to a declaration in trespass averring that defendant cut and carried away trees owned by and standing "on the land of" plaintiff, does not admit title in plaintiff. GRANT, J., and MOORE, C. J., dissenting.

Error to Newaygo; Palmer, J. Submitted April 13, 1904. (Docket No. 54.) Decided June 25, 1904.

Trespass *quare clausum fregit* by Romie Maynard against Wells S. Reynolds. From a judgment for defendant, plaintiff brings error. Affirmed.

*E. L. Gray,* for appellant.

*W. D. Fuller,* for appellee.

CARPENTER, J. Plaintiff brought this action of trespass in justice's court to recover, under section 11204 of the Compiled Laws of 1897, treble damages from defend-

ant for cutting down and carrying off certain pine trees standing on his land.    His testimony proved that these trees were located in the highway.    Plaintiff could recover only by proving title to the lands on which the trees stood, unless the title was admitted by the defendant.    See *Ostrom* v. *Potter*, 71 Mich. 44 (38 N. W. 670); *Orris* v. *Kempton*, 105 Mich. 229 (63 N. W. 68).    The defendant insisted that the pleadings did not admit title in plaintiff, that the justice had no right to determine the question of title, and that it was made his duty, by section 787 of the Compiled Laws of 1897, to at once certify the cause to the circuit court.    See *Ostrom* v. *Potter* and *Orris* v. *Kempton*, *supra*.    This the justice declined to do, but proceeded to try the case, and rendered judgment in favor of the plaintiff.    Defendant brought the cause to the circuit court by *certiorari*, and there defendant's contention was upheld, and the judgment rendered by the justice was reversed.    Plaintiff brings the case to this court, contending that the circuit court erred.    It is obvious that the title to land was in question, unless that title was admitted by the defendant.    See *Ostrom* v. *Potter* and *Orris* v. *Kempton*, *supra*.    The only question, then, is, Did defendant admit plaintiff's title to the land?

According to section 786 of the Compiled Laws of 1897, "any claim of title to lands made by the plaintiff in his declaration   *   *   *   shall be deemed to be admitted by the defendant," unless he files a bond, and pays fees, costs, etc.    As the defendant in this case did not file a bond and pay fees and costs, we must hold that he admitted plaintiff's title, if that claim was made in plaintiff's declaration.    Was that claim made?    The claim in plaintiff's declaration is that defendant "did cut down and carry off, without the leave of said plaintiff, the owner thereof, two pine trees of great value   *   *   *   then and there being and standing   *   *   *   on the land of the said plaintiff."    The statute under consideration was adopted by our legislature from the State of New York.

In *Ehle* v. *Quackenboss*, 6 Hill, 537, it was construed in that State. It was there held:

"The term 'title,' as used in the statute, does not embrace the fact of possession, nor any right founded on possession of land. * * * It is synonymous with the right of possession."

This decision, and the construction the statute there received, were approved in *Vandoozer* v. *Dayton*, 45 Mich., at page 250 (7 N. W. 814). And, in accordance with this principle, we have held that, if the claim set up in plaintiff's declaration is one which can be proved by possession, the declaration contains no claim of title, within the meaning of the statute. See *Ostrom* v. *Potter* and *Orris* v. *Kempton*, *supra*.

The averment in the declaration in question that the trees were standing "on the land of the said plaintiff" could be established by proving plaintiff's possession of the land. This averment is not, therefore, a claim of title. Indeed, it does not materially differ from the averment in *Ostrom* v. *Potter*, *supra*. There the premises were described as "the close of the plaintiff." Neither does it materially differ from the averment in *Orris* v. *Kempton*, *supra*. There it was averred that the defendant broke and entered "the lands and premises of the said plaintiff."

It is contended, however, that the averment respecting the ownership of the trees is a sufficient claim of title to the lands to bring the case under the statute. To this I cannot assent. I think a fair construction of this averment is this: That plaintiff owned the trees because they stood "on the land of the said plaintiff;" that is, on land in his possession. And if the trees did stand on land in plaintiff's possession, he had a right to recover damages for their destruction. See *Hoffman* v. *Harrington*, 44 Mich., at page 185 (6 N. W. 225). The question is not what title plaintiff claimed in the trees standing on the land, but what title he claimed in the land on which they stood. When defendant was called upon, as he was, to

determine what title plaintiff claimed to the land, he had a right to rely upon what plaintiff stated in his declaration respecting that title. He could not be expected to suppose that it was plaintiff's intent to enlarge his claim of title to the land by his claim respecting the ownership of the trees growing thereon. In other words, defendant had a right to act upon the assumption that the only title plaintiff asserted to the land was possession.

The suggestion is made in plaintiff's brief "that the title to real estate" did not "arise, because, as soon as the trees were severed from the land, they became personal property." The answer to this suggestion is that the only cause of action asserted by plaintiff is that of cutting down and carrying off certain pine trees. The gravamen of plaintiff's complaint is a trespass to his land.

It is also suggested that the form of the declaration is taken from Tiffany's Justice Guide, p. 639. It is true that the author of this excellent work suggested this form of declaration, and it is a proper form in the ordinary case where plaintiff is in possession of the lands from which trees are cut and carried away. I am unable to find any evidence that, in suggesting this form, the author intended that it should be used where the plaintiff desired to obtain the advantages of section 786, 1 Comp. Laws, by asserting a claim of title to the land upon which the trees stood. In my judgment, it is clearly inappropriate in such a case.

I think that the judgment of the circuit court should be affirmed.

MONTGOMERY and HOOKER, JJ., concurred with CARPENTER, J.

GRANT, J. (*dissenting*). Plaintiff brought an action of trespass *quare clausum fregit* against the defendant, and in his declaration alleged that the defendant did cut down and carry away, without the leave of plaintiff, the owner thereof, two pine trees (alleging value) then and

there being and standing as shade and ornamental trees on the land of the plaintiff (describing it), and claiming three times the amount of damages sustained, under section 11204, 3 Comp. Laws. The summons was returnable July 26th. The justice of the peace returned to the circuit court that the parties appeared on that day; that the above declaration was filed; that the defendant pleaded the general issue, and the case was adjourned until August 9th; that on August 9th the parties appeared, and defendant made a motion that the cause be referred to the circuit court, because title to the land would come in question; that defendant, without producing any bond or paying any costs, left the trial; that plaintiff produced proof, and the justice rendered a judgment for plaintiff for $50. In the amended return the justice certified that, after said motion was made, the attorney for the defendant stated that plaintiff might swear one Anderson, a surveyor; that said Anderson was sworn, and cross-examined by defendant's attorney; that plaintiff, Maynard, was sworn, and testified, without objection, that he was the owner and in possession of the land upon which the trees were cut; that other witnesses were sworn to the same effect; that defendant's attorney then filed a writing with the justice setting forth that title to the land came in question, and demanded that the proceedings should be certified to the circuit court for trial, and then left the court-room without entering any plea or notice or tendering any bond or paying costs. Application was made for a third return by the justice, and the justice returned that the trees, according to the testimony of Surveyor Anderson, were about 12 feet from the center line of the highway, and on the land of the plaintiff. The case was removed to the circuit court by writ of *certiorari*, and the judgment reversed.

The sole question is, Should the justice have certified the case to the circuit court for trial, for the reason that title to land was in issue? An action of trespass lies where shade trees are unlawfully cut in the highway opposite the

owner of the land. *Stretch* v. *Village of Cassopolis*, 125 Mich. 167 (84 N. W. 51, 51 L. R. A. 345, 84 Am. St. Rep. 567). The court below evidently reversed the judgment in the justice's court in reliance upon *Ostrom* v. *Potter*, 71 Mich. 44 (38 N. W. 670), and *Orris* v. *Kempton*, 105 Mich. 229 (63 N. W. 68), and held that the declaration did not allege ownership. In *Ostrom* v. *Potter* the premises were described simply as "the close of the plaintiff." It contained no allegation of ownership. In *Orris* v. *Kempton* the declaration charged that the defendant "broke and entered the lands and premises of the said plaintiff." There is no allegation in either of those cases of ownership. In this case the declaration alleges the ownership of the trees "being and standing as shade and ornamental trees on the land of the said plaintiff." We think this was a sufficient allegation of ownership. It is in compliance with the form prescribed by Tiffany. Tiffany's Justice Guide, p. 639, form No. 159. The plea of the general issue admitted the title alleged in the declaration, and therefore the only issues were the trespass and the damages. *Keyser* v. *Sutherland*, 59 Mich. 455, 465 (26 N. W. 865).

The judgment of the circuit court should be reversed, and the judgment of the justice's court affirmed, with costs to the plaintiff of the circuit and Supreme courts.

Moore, C. J., concurred with Grant, J.