## MALONEY *v.* WEBBER.

JUSTICES OF THE PEACE—JURISDICTION—TRESPASS TO LANDS—CER-
TIFYING CAUSE TO CIRCUIT COURT.

> In an action in justice's court for trespass on certain real
> estate owned in fee by the plaintiffs, where defendants
> pleaded the general issue and gave notice of justification
> under authority by plaintiffs to defendants' employer to
> use the same, and on the trial admitted plaintiffs' title,
> the justice had jurisdiction to try said cause; 3 Comp.
> Laws 1915, § 14237, providing that where plaintiff's title
> shall not be admitted by defendant the justice shall certify
> the cause to the circuit court, etc., not being applicable.

Case-made from Kent; Brown (William B.), J.
Submitted October 15, 1919. (Docket No. 55.) De-
cided December 22, 1919. Rehearing denied January
28, 1920.

Case in justice's court by Anna Maloney and an-
other against Arthur Webber and another for tres-
pass upon land. There was judgment for defendants,
and plaintiffs appealed to the circuit court by writ of
certiorari. Judgment for defendants. Plaintiffs ap-
peal. Affirmed.

*Ellis & Ellis,* for appellants.

*Cornelius Hoffius* and *Fred P. Geib,* for appellees.

BIRD, C. J. Defendants appeared in justice's court
in response to a civil warrant to answer a charge of
trespass on certain real estate owned in fee by the
plaintiffs. Defendants pleaded the general issue and
gave notice thereunder, as follows:

"Please take notice that under the general issue the
defendants will justify the acts complained of on the
ground that they were employees of the Kent county

road commission, which commission was authorized by plaintiff to use the premises in question, and that defendants were using it in pursuance of and by virtue of such authority."

Upon the trial defendants admitted that plaintiffs had title to the land described in the declaration. They showed, under objection of plaintiff's counsel, that they were employees of the board of county road commissioners. They offered testimony tending to show that in December, 1916, the chairman of the board had secured from plaintiffs the right to use a portion of the land in question during the years 1917, 1918 and 1919, for a railway sidetrack, to aid in a nearby road construction, for a consideration of $100, and that the same had been used for such purpose without protest or hindrance during the season of 1917 and 1918, up to the time of their arrest.

Plaintiffs' counsel objected strenuously to the admission of this testimony, claiming that it raised a question of title; that if defendants desired to contest plaintiffs' title they should proceed under section 14237 of the Compiled Laws of 1915, but the objections were overruled by the justice and later judgment was rendered for the defendants. Plaintiffs then removed the proceedings to the circuit court by certiorari, where the same contentions were made and the same result was reached. The section of the statute referred to provides that:

"If it appear on the trial from the plaintiff's own showing that the title to lands is in question, which title shall not be admitted by the defendant, the justice shall, without further proceeding, certify the cause and paper to the circuit court of the county where the same shall be tried." * * * 3 Comp. Laws 1915, § 14237.

This section does not appear to be applicable as defendants conceded from the beginning, and now con-

cede, that plaintiffs have the title to the premises. Under the express terms of the statute it is only when the defendants refuse to admit the title of the plaintiff that there is any necessity for certifying the case to the circuit court. In other words, it is only when the title is in dispute that this section is applicable. *Ostrum* v. *Potter*, 71 Mich. 44. In the case cited it was observed that:

"It was not the design of the legislature to confer upon justices' courts jurisdiction to try titles to lands, and they have provided a way, in actions for trespass or other actions where the damages claimed fall within the jurisdiction of the court, where the title to land may be involved, for a trial to be had before the justice, namely, where the title claimed is admitted."

Owing to the discussion between counsel and the court over the question whether title was in issue the precise contention of plaintiffs on the merits was somewhat obscured. But whether their claim was that defendants had no permission to go upon and use the land, or were using land not included in the permission granted, is not of much importance, as the justice had jurisdiction in either event, under defendants' concession concerning the title. We think no further discussion of the case is necessary.

The judgment of the circuit court is affirmed.

SHARPE, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.