## HORAN v. BARBOUR.

1. JUSTICES OF THE PEACE—JURISDICTION—TITLE TO REAL ESTATE.
    No justice of the peace may have cognizance of an action where the title to real estate shall come in question (CLS 1961, § 600.6615).

2. PLEADING—TITLE TO REAL ESTATE.
    Title, or claim of title to real estate, is not in question unless it is in issue in the case, and it is not in issue unless the title or claim of title is essential to the plaintiff's right of recovery, or to defeat a recovery in the action.

3. VENDOR AND PURCHASER—CONTRACTS—EVIDENCE OF TITLE TO REAL ESTATE—JUSTICES OF THE PEACE—JURISDICTION.
    Summary dismissal of plaintiff's complaint by the common pleas court of Detroit, on the grounds that it involved title to real estate over which the court had no jurisdiction *held*, error, where plaintiff's complaint sought only to recover expenses incurred by plaintiff to obtain title insurance on property he purchased from defendants, after defendants' alleged failure to comply with a written agreement to furnish plaintiff with good and sufficient evidence of title thereto, since plaintiff's complaint related only to *evidence* of title to real estate and did not involve any question with respect to actual title.

4. COURTS—COMMON PLEAS COURT—JURISDICTION.
    The court of common pleas of Detroit has jurisdiction of an action to recover sum expended by plaintiff in acquiring title insurance, where defendant had contracted, but failed to furnish "good and sufficient *evidence* of title".

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 31 Am Jur, Justices of the Peace §§ 51, 52.
When title to real property deemed involved within contemplation of statute providing that justice of the peace (or similar court) shall not have jurisdiction of matters relating to title to land. 115 ALR 504.

Appeal from the Common Pleas Court of Detroit; Connolly (John W.), J. Submitted Division 1 February 9, 1967, at Detroit. (Docket No. 2,182.) Decided June 13, 1967.

Complaint by William J. Horan against Marion T. Barbour and Sloane R. Barbour to recover damages as a result of defendants' alleged failure to perform a written agreement requiring defendants to supply plaintiff with good and sufficient evidence of title to certain land which plaintiff purchased from defendants. Plaintiff's complaint was dismissed on the court's own motion on the basis that it involved title to real estate over which the court had no jurisdiction. Plaintiff appeals. Reversed.

*Butzel, Eaman, Long, Gust & Kennedy* (*John P. Williams* and *Leslie W. Fleming,* of counsel), for plaintiff.

BURNS, J. On August 14, 1962, plaintiff and defendants entered into a lease which contained an option to purchase property located at 39 N. Deeplands street, Grosse Pointe Shores, from the defendants. The instrument included the following provision:

"If the tenant shall exercise said option to purchase * * * the landlord shall, within 10 days, furnish tenant with good and sufficient *evidence* of title." (Emphasis supplied.)

Plaintiff filed suit against the defendants and alleged in his complaint that although he had exercised the option to purchase said land and the premises had been conveyed to him by the defendants, they had failed to furnish him with good and sufficient *evidence* of title. Plaintiff had acquired

good and sufficient evidence of title by purchasing title insurance for the sum of $349. The action was brought to recover this amount from the defendants.

The defendants answered the plaintiff by stating:

"Defendants admit that the premises commonly known as 39 N. Deeplands were conveyed by defendants to plaintiff but deny that defendants failed to give good and sufficient title to plaintiff."

Plaintiff moved for summary judgment "for the reasons that the defendants have failed to respond to paragraph 5 of the complaint and have failed to state a valid defense to the claims asserted against them."

The motion for summary judgment was denied without prejudice by the presiding judge, and the case was referred to a trial judge. On the day when this controversy was scheduled for trial, the judge, by his own motion, dismissed the case on the ground that the common pleas court of Detroit did not have jurisdiction because the case involved "title to real estate." CLS 1961, § 600.6615 (Stat Ann 1962 Rev § 27A.6615)* states:

"No justice of the peace may have cognizance of the following actions: *   *   *
"(2) Where the title to real estate shall come in question."

In *Ostrom* v. *Potter* (1888), 71 Mich 44, at page 49, the Court stated:

"Title, or claim of title, is not in question unless it is in issue in the case; and it is not in issue unless the title, or claim of title, is essential to the plaintiff's right of recovery, or to defeat a recovery in the action."

---

* This section also applies to the common pleas court of Detroit.

In the present case title is not in question, nor is it an issue in the case. There is a distinction between the defendants furnishing good and sufficient *evidence* of title and furnishing good and sufficient title. In Michigan the 2 most common methods of furnishing evidence of title are by an abstract of title or by title insurance. The plaintiff alleged the defendants breached their contract by their failure to furnish such evidence to him and that he was damaged in the amount of $349.

Reversed and remanded for trial on its merits. Costs to appellant.

LEVIN, P. J., and McGREGOR, J., concurred.