# JANUARY TERM, 1880.

42 342
69 475
42 342
110 280

## John P. Clark v. Moses W. Field.

*Trespass for cutting timber—Evidence of good faith—Treble damages—Pleadings.*

It is not error to exclude the opinion of a witness as to the depreciation caused to property by a trespass if it does not appear that he professed to know or had means of judging of the effect on the value of the estate.

It is discretionary for a judge to refuse to allow a witness to give his testimony without questioning.

It is not prejudicial error to have refused offers of evidence to show good faith, where such evidence had already been admitted and the jury have found the fact.

Evidence to show a license from the agent of a land owner to cut timber on the land is not admissible as a defense unless the agent's authority is shown; but it may be received to show that the defendant acted in good faith in cutting it.

The error, if any, of excluding testimony to impeach a witness who seeks to show that defendant did not act in good faith, is cured by a verdict finding that he did act in good faith.

In an action for treble damages for cutting timber, the objection that the declaration does not contain a sufficient averment of plaintiff's ownership to support a finding in his favor, should be raised by demurrer.

Whether a statement of ownership that will support proof of a holding in fee simple is not such an allegation of title as will sustain a finding in favor of the plaintiff in an action for treble damages for trespass on lands—Q.

Treble damages in an action of trespass for cutting timber can only be allowed in case single damages are assessed; and if the case falls within the exceptions to the statute (Comp. L., § 6371) single damages will be the measure of recovery; if not, they may be trebled. The claim for damages in the declaration may be the same whether the damages recoverable are treble or single.

Error to Wayne. Submitted October 15, 1879. Decided January 7, 1880.

TRESPASS. Defendant brings error.

*Wisner & Speed* for plaintiff in error. An inquiry as to the depreciation in the value of land in consequence of cutting timber therefrom calls for the opinion of an expert, *Morehouse v. Mathews*, 2 Comst., 514; *Dewitt v. Barly*, 17 N. Y., 342; *Robertson v. Knapp*, 35 N. Y., 92; *Tucker v. Mass. Cent. R. R.*, 118 Mass., 547; *Beaubien v. Cicotte*, 12 Mich., 507; *Wallace v. Finch*, 24 Mich., 256; *Stone v. Covell*, 29 Mich., 359; but see *Van Deusen v. Young*, 29 N. Y., 28; as to the allegation of ownership of the land in a declaration for trespass, *Wright v. Bennett*, 3 Scam. (Ill.), 258; *Delashman v. Berry*, 21 Mich., 521; one who counts only for treble damages in an action which does not fall within the statute by which they are authorized, cannot recover single damages, *Russell v. Myers*, 32 Mich., 524.

*D. C. Holbrook* for defendant in error.

GRAVES, J. Clark caused a number of oak trees to be cut on certain premises claimed by Field, adjacent to the city of Detroit, and the latter sued in trespass under Comp. L., ch. 198 for "three times the amount of damages which should be assessed therefor" and the jury found that the act was a trespass against Field and assessed the damage at $1500. They further found, however, that Clark had probable cause to believe, and did believe, that he had a right to cut the trees, and the court thereupon entered judgment for the amount of damages actually assessed. Clark then removed the proceedings here for review.

He was not allowed to give his opinion to the jury relative to the depreciation, if any, caused to the estate by the trespass. We are not dissatisfied with this ruling. He did not profess to know or to have the means of

judging of the effect of the cutting upon the value of the estate. So far as appears, he was not able to afford any assistance to the jury on this subject, and the record shows that no proper inquiry respecting his competency to shed any light on it was excluded.

The refusal to allow him to give his testimony spontaneously and without questioning was a reasonable exercise of discretion. It was regular to require the investigation to proceed by questions and answers, and thereby enable the opposing party to arrest the introduction of matter supposed to be improper, by an objection to the question. Undoubtedly cases occur which justify such indulgence as was sought here. And the trial judge may be expected to decide wisely when to allow it and when not, and the case must be a very unusual and extreme one to warrant interference by an appellate court.

The witness Adams may or may not have had an opinion in regard to the effect upon the value of the land, caused by the trespass. He was not shown, however, to have any, and did not appear to be qualified to form one of any evidentiary value.

The charges of error, based on refusals of evidence to show that Clark acted in good faith and not in a way to render himself liable for treble damages, are of no force. As evidence on the subject—and to the satisfaction of the jury—was actually received, and they found the fact to be as he contended, he was not injured by the rulings shutting out his further offers of evidence on that question.

The rejected evidence had no tendency to prove a license. Whether it could be made out or not that one was created, depended mainly if not wholly upon the production of proper proof of authority from Field to Arkett to grant it, and there was no evidence conducing to prove the existence of such authority. Indeed it was a marked feature of the trial that the defense, whilst strenuously seeking to get evidence before the jury of an

arrangement betwen Clark's agent, Barkune, and the witness Arkett, still steadily declined to produce evidence of any authority from Field to Arkett to make an arrangement. And although the court in the first place, acting upon the idea that it was tendered to prove a license, refused evidence of such arrangement on the ground that there was no showing of authority, the ruling was afterwards changed, and the evidence was allowed to go to the jury on the question of good faith. This was correct, because Clark may have acted in good faith, notwithstanding the want of power in Arkett.

But admitting the offer of the evidence on the claim of license to have been improper, it is still contended that so much of it as went to show what was said between Barkune and Arkett, was receivable to impeach Arkett. This point might perhaps deserve consideration if Arkett's testimony had not been divested of all force against Clark by the verdict. The exclusive tendency of his testimony, as shown by the bill of exceptions, was to negative good faith in Clark, and expose him to treble damages. But the verdict has effectually disposed of that showing by finding against it. No impeaching testimony could accomplish more against Field or in Clark's favor. The jury have dispelled this ground of complaint.

The court declined to charge that the declaration contained no such averment of Field's ownership as would allow a finding in his favor, and the bill of exceptions brings up this ruling and an exception to it. It is enough to say that the declaration contains a statement of ownership sufficient to support proof of a holding by Field in fee simple, and if we admit a failure to allege the title with the directness and certainty dictated by the rules of pleading (*Achey v. Hull*, 7 Mich., 423–430), still the objection is purely technical, and is not well raised. The point should have been made by demurrer. *Aldrich v. Chubb*, 35 Mich., 350; *Jennison v. Haire*, 29 Mich., 207, and cases; *Downs v. Hawley*, 112 Mass., 237; *State Ins. Co. v. Todd*, 83 Penn. St., 272. Speaking for myself, how-

ever, I am not prepared to say that the declaration is defective in the respect referred to.

The objection that since there was no count demanding other than treble damages, no recovery could therefore be allowed unless the facts authorized one for treble damages, is not a valid one. The count may be the same whether the damages recoverable are single or treble. Treble damages can only be allowed in case single damages are assessed. Hence in any case there must first be single damages, and the demand for treble damages necessarily includes single damages. And whether they can be trebled or not, must depend upon its being made to appear that the trespass was within one of the exceptions in the statute. If it is not made to appear that the trespass was thus qualified, the single damages are allowed to be trebled. On the other hand, if the case is brought within one of the exceptions, the single damages stand as the settled measure of recovery. Neither the statute nor the precedents countenance the objection. Burrill's App., 306; 2 Humphrey's Pr., 829.

This disposes of all the points contended for under the allegations of error, and as a consequence, the judgment must be affirmed with costs.

The other Justices concurred.