Miller v. Bryden.

ANDREW MILLER, Defendant in Error, v. JOHN BRYDEN, Plaintiff in Error.

St. Louis Court of Appeals, March 5, 1889.

1. **Replevin: DURESS.** If the defendant, for the purpose of coercing the plaintiff to pay a civil debt, and not for the *bona-fide* objects of a prosecution for crime, obtained a warrant charging the plaintiff with the commission of a criminal offense, and by threats of arrest thereunder frightened him into giving up a Winchester rifle to the defendant, the plaintiff is entitled to recover back the property by replevin, without regard to the question of his guilt or innocence of the offense charged.

2. **Replevin: MEASURE OF DAMAGES.** The measure of damages, recoverable by the plaintiff in an action of replevin, is not the value of the property at the time it was taken from the plaintiff, with damages for the detention, not exceeding six per cent. per annum from that time ; but the true measure is the value of the property at the date of the trial, with damages for the caption and detention, not measured by the standard of six per cent. interest, but including damages for depreciation, if any, since the taking.

3. **Evidence : VALUE, IN REPLEVIN.** The price paid for an article may be shown, as furnishing some evidence of its value at the time of the purchase, but is not conclusive, even within that limitation. Where the plaintiff's testimony shows the price he paid for the property in controversy, but without any reference to the time, place, market, circumstances of purchase, or any other fact connected therewith, such testimony has no tendency to show the value at the time of the trial, and furnishes no evidence to support either an instruction on the subject of value, or a finding of value by the jury.

4. **Replevin: DEFENDANT'S POSSESSION: ESTOPPEL.** When the defendant in replevin gives a delivery bond upon the service of the writ, electing to retain the property, he cannot afterwards make defense that he was not in possession of the property at the commencement of the suit.

5. **Judgment: JOINT DEFENDANTS.** In a suit against two defendants jointly, a judgment against one only, ignoring the other, cannot be upheld against the objection of the defendant in judgment.

Miller **v.** Bryden.

*Error to the Iron Circuit Court.*—HON. JOHN L. THOMAS, Judge.

REVERSED AND REMANDED.

*Settle & Bugg*, for the plaintiff in error.

There was no evidence tending to prove that Fulton or Bryden, or any one else, had possession of the gun at the commencement of this suit; or that John Bryden ever had the gun in his possession by agent or otherwise. *Bowen v. Railroad*, 75 Mo. 426 ; *Bonnie v. City*, 75 Mo. 437 ; *Condon v. Railroad*, 78 Mo. 567. Instruction number 6 is erroneous in telling the jury to find the value of the gun at the time it was taken. The jury should have been instructed to assess, and they should have assessed the value of the gun at the time of making the assessment. *Hoester v. Teppe*, 27 Mo. App. 207 ; *Richey v. Burns*, 83 Mo. 362. If plaintiff was entitled to judgment, his judgment should have been against Fulton and Bryden ; the record shows that the suit was against Fulton and Bryden, that the suit was not dismissed as to Fulton, and that the judgment was against Bryden only, which the law will not permit, as such a judgment works a multiplicity of suits, and cannot be pleaded as an estoppel as to Fulton in a future suit.

THOMPSON, J., delivered the opinion of the court.

This was an action of replevin for a Winchester rifle, originally commenced before a justice of the peace against Z. T. Fulton and John Bryden. On trial anew in the circuit court, there was a verdict in favor of the plaintiff and against the defendant, John Bryden ; but the verdict did not dispose of the issue as to the defendant Fulton. The verdict fixed the value of the gun at twenty dollars, and awarded one dollar and

eighty-six cents as damages for its caption and deten-
tion. There was evidence tending to show that the
plaintiff had been in the employ of Fulton and Bryden.
What was the relation of Fulton and Bryden to each
other—whether they were partners or not—is not dis-
closed by the evidence as preserved in the bill of excep-
tions. The evidence for the plaintiff tended to show
that Fulton swore out a warrant before a justice of the
peace, charging the plaintiff with the larceny of a
thimble-skein of a wagon belonging to Fulton and
Bryden; that the justice authorized G. W. Jones to
serve the warrant; that the warrant was placed in the
hands of Jones for that purpose; that Jones and Fulton
found the plaintiff hunting in the woods, and, by threat-
ening to arrest him under the warrant, frightened him
into delivering the gun in controversy to Fulton, as
security for the debt which the plaintiff owed to Fulton
and Bryden. . The plaintiff's evidence tended to show
that he was not guilty of the larceny of the thimble-
skein. The evidence for the defendants tended to show
that the plaintiff had stolen the thimble-skein of Fulton
and Bryden; that the warrant for the arrest of the
plaintiff was sworn out before the justice in good faith,
intending to prosecute him criminally for the larceny,
but that it was not served because of the fact that
Jones, who had been authorized by the justice to serve
it, refused so to do. The evidence for the defendant
tended to show that the gun was voluntarily delivered by
the plaintiff to Fulton as a pledge to secure the debt
which the plaintiff owed to Fulton and Bryden, and not
in consequence of any threats of arrest. The evidence
adduced by both parties was to the effect that no *actual
attempt* to arrest the plaintiff under the warrant was
made at the time when he was induced to deliver the
gun to Fulton. The court refused all instructions asked
by the defendants, and submitted the case to the jury

upon the following instructions : "Andrew Miller *vs.* John Bryden. The court instructs you, gentlemen of the jury as follows : If you believe and find from the evidence in the cause that Z. T. Fulton procured a warrant from a justice of the peace in Reynolds county, Missouri, to have plaintiff arrested for stealing a thimble-skein of a wagon ; that he did this for the purpose of frightening plaintiff into the securing to Fulton and Bryden of a debt he owed them or paying it, and not for the purpose of enforcing the law ; that said Fulton procured the justice of the peace, who issued said warrant, to authorize one G. W. Jones to serve it ; that thereupon said Fulton and Jones went to plaintiff and told him they had a warrant for him for stealing and threatened to arrest him if he did not pay or secure to said Fulton and Bryden the said debt ; that plaintiff was innocent of said charge, but in order to avoid arrest and prosecution for it he delivered the gun in controversy to said Fulton to secure said debt or in payment of it, and that he would not have done this if it had not been for such threat ; that this was done for the benefit of Fulton and John M. Bryden by Z. T. Fulton as their agent, and that said gun was in possession of Fulton and Bryden at the time this suit was commenced, then you will find the issue for the plaintiff and return in your verdict the value of said gun *at the time it was taken,* and damages for the detention of it, not exceeding six per cent. per annum in the value of it from the *time it was taken.* If you find the above facts it is perfectly immaterial whether plaintiff owed Fulton and Bryden any money or not, or whether he has ever paid such debt or not, or whether he can pay it or not. But on the other hand, gentlemen, if you find from the evidence in the cause that Fulton and Bryden had probable cause to believe, and did believe, that plaintiff was guilty of stealing the said thimble-skein and procured the warrant in good faith with the intent to prosecute him for it and

not for the purpose of collecting their debt against plaintiff or having it secured, and that Fulton did not threaten to have plaintiff arrested on said warrant unless he would pay or secure said debt, and that plaintiff without being so threatened gave Fulton the gun to secure the debt he owed Fulton and Bryden, then you will find the issue for the defendant, even though you may further find that plaintiff was not guilty of the crime charged."

This instruction was evidently drawn with the view of submitting to the jury the only issue in the case, in one comprehensive instruction, and this purpose is to be commended. Concerning this instruction we observe :

I. In view of the fact that the cause will have to be tried again, we regard it as wholly immaterial whether the plaintiff was guilty of the supposed larceny. If the warrant was sued out against him for the purpose of coercing him into the payment of a civil debt, and not for the *bona-fide* purpose of prosecuting him for a crime or misdemeanor, which the person or persons who instituted the prosecution had probable cause to believe that he had committed, and if by this means the defendants frightened him into parting with his property, it was a case of duress by threats, and he was entitled to recover it in replevin. In this regard the instruction was more favorable to the defendant Bryden than he was entitled to.

II. The instruction is erroneous on the measure of damages, in that it directed the jury that if they should return a verdict for the plaintiff, they should ascertain the value of the gun at the time when it was taken, with damages for the detention of it, not exceeding six per cent. per annum on the value of it from that time. The present law is that the rule of damages in actions of replevin is the value of the property *at the date of the trial,* together with the damages for its caption and

detention, which damages are not measured by the standard of six per cent. interest, but are to include damages for depreciation, if any, between the time of the taking and the time of the trial. *Hoester v. Teppe*, 27 Mo. App. 207, and cases cited; *Anchor Milling Co. v. Walsh*, 20 Mo. App. 107.

III. But it is further to be observed—assuming, as we must, that the bill of exceptions contains all of the evidence adduced at the trial—that there was no evidence of the *value* of the gun, either at the time of the taking or at the time of the trial, and hence no evidence on which to base an instruction as to the damages or on which to support the verdict which the jury rendered. The only evidence in the record which was offered by the plaintiff touching the value of the gun was his statement that he gave twenty-five dollars for it. This evidence had no tendency to show what the value of the gun was at the time of the trial. The date at which, the market in which, and the circumstances under which the plaintiff gave twenty-five dollars for it, were not stated. Value is generally proved by the opinions of witnesses who are shown to be competent to give an opinion on the subject. *Clark v. Field*, 42 Mich. 342; *Curtis v. Railroad*, 20 Minn. 28. It is said by Mr. Sutherland: "If the article in question has a market value, that will usually control, as the best evidence of its value. If this test has been applied to it by actual sale of it, the fact may be proved as evidence of its value. It is not conclusive, but tends to show its value, and, in the absence of other evidence, would suffice." 2 Suth. Dam. 375. This principle was adopted by the Kansas City court of appeals in *Stevens v. Springer*, 23 Mo. App. 375, 385, which was an action for the conversion of personal property. That court held that the price which the plaintiff had paid for the property at a sheriff's sale was *some evidence* of its value, and that the court erred in refusing to permit the

defendant to prove what the sheriff sold the goods for. It has been held competent for a witness to testify as to the *actual cost* of the property at a *particular place,* such evidence being relevant on the question of value. *Whipple v. Walpole,* 10 N. H. 130. But we apprehend that, where the question is as to the value of goods at a particular time, the mere statement of what a party may have given for the goods,—not referring to any particular time, place, market, circumstances of purchase, or any other fact which would tend to show whether or not the price thus paid was reasonable,—has no evidentiary value on the question of the value of the chattel at the particular time in question. We are therefore of opinion that there was no evidence to support any instruction on the subject of value, and none to support the finding of value made by the jury.

IV. Passing from the consideration of this instruction, it is claimed that there was no evidence tending to prove that either the defendant Fulton or the defendant Bryden had possession of the gun at the commencement of the suit. We do not think that there is much strength in this objection. The record shows that Fulton and Bryden gave a delivery bond for the gun after the writ of replevin had been served upon them,— thus electing to retain it instead of surrendering it up. This, we apprehend, estops them from setting up the claim that they were not in the possession of the gun at the time of the commencement of the suit.

V. A motion in arrest of judgment challenged the verdict as not being responsive to the issue, in that it found the issue in favor of the plaintiff and against the defendant Bryden merely, without disposing of the issue as to the defendant Fulton. It nowhere appears that the suit was dismissed as to the defendant Fulton. Where an action is brought against two defendants jointly, a verdict and judgment which ignores one of

them and proceeds against the other cannot be upheld, if the one against whom the judgment is rendered objects and saves the proper exception. *Schweickhardt v. St. Louis*, 2 Mo. App. 571; *Eichelman v. Weiss*, 7 Mo. App. 87. The principle is analogous to the well-known rule that where there are several issues in a civil case, a verdict which does not dispose of all the issues is bad on a motion in arrest.

The judgment will be reversed and the cause remanded. All the judges concur.