Plaintiff may set out his cause of action in different counts of his declaration, with as many different but consistent averments of acts of negligence causing the injury, as he sees fit, in order to meet possible evidence as it may develop on the trial.

2. SAME—DEMURRER.

On special demurrer to the declaration it must be considered more critically than after a plea on objection raised at the trial.

3. SAME—DUPLICITY.

In order to avoid the objection of duplicity, a declaration should not join allegations of common law and statutory duties in one count.

4. SAME—COUNTS—JOINDER.

Averments of related facts not contradictory, logically connected with a single injury and capable of jointly or separately contributing to or causing it, may be joined in one count.

5. SAME—DECLARATION—PERSONAL INJURIES.

There was no sufficient ground of objection to a declaration for the wrongful death of plaintiff's intestate, caused by the explosion of a locomotive boiler, where the pleading charged in one count in separately numbered paragraphs that it was defendant's duty: (1) to have provided a boiler of sufficient strength, etc., to withstand the expansive force of the steam; (2) to have employed inspectors and others who were competent to examine and to keep the appliances connected therewith in safe condition; (3) to have inspected the boiler and its several parts; (4) to have had the water glass cleaned and properly prepared; (5) to have had the inspectors inspect the bolts, rivets, joints, etc.; (6) to have repaired the burned and warped iron of the fire box and water space; and where breaches of said duties were averred in corresponding paragraphs, separate and numbered.

Certiorari to Crawford; Sharpe, J.   Submitted Novem-

ber 10, 1911. (Docket No. 89.) Decided December 29, 1911.

Case by Anna E. Creen, administratrix of the estate of John T. Creen, deceased, against the Michigan Central Railroad Company for the unlawful killing of plaintiff's decedent. An order overruling a demurrer to plaintiff's declaration is reviewed by defendant on writ of certiorari. Affirmed.

*George L. Alexander* (*Humphrey & Grant*, of counsel), for appellant.

*Hall, Defoe & Henry*, for appellee.

STEERE, J. This is an action brought by plaintiff as administratrix of her deceased husband, John T. Creen, to recover compensation for his death, which was caused by the explosion of a boiler of one of defendant's locomotives on which he was engineer.

The question before us is the sufficiency and legality of plaintiff's declaration, to which defendant has filed a special demurrer. This declaration, as an entirety, is skillfully drawn, containing, in proper arrangement and apt phraseology, all the requisite parts of a declaration, according to the rules of pleading at common law. It is composed of two counts, each of which charges a cause of action, sounding in negligence, by sufficient averments of duty, breach of duty, and resultant damage. Only one accident and one injury are stated. They are the same in each count, being the explosion of the locomotive boiler and consequent death of plaintiff's intestate; but the pleader has stated in the first count six, and in the second count seven, separate breaches of duty and acts of negligence which caused the explosion. Each duty and breach of duty is stated separately in separately numbered paragraphs.

In the first count the duties are stated as follows:

"(1) To have provided such engine with a water space

constructed of boiler iron of sufficient strength, and so bolted, riveted, and fastened together as to withstand the expansive force of such confined steam required to propel said train, and to have kept and maintained the same in reasonable repair.

"(2) To have employed inspectors, repairers, boiler washers, and hostlers who were reasonably competent to examine and inspect the water space of such engine and the openings of said check valve and water glass, with reference to the condition of repair thereof, and in regard to matter and scale formed therein, and to have caused such examination and inspection of said space and openings to have been made by inspectors, repairers, boiler washers, and hostlers, so competent, at reasonable times and whenever necessary, and before delivery of said engine to intestate for use as a locomotive.

"(3) To have caused the inspectors, repairers, boiler washers, and hostlers so employed by it to examine and inspect the water space of such engine and the openings of said check valve and water glass to ascertain the condition thereof in regard to earth and scale therein, at reasonable times, and before the delivery of said engine to intestate for use as a locomotive.

"(4) To have caused the water space of such engine and the openings of said check valve and water glass to be washed out and cleaned by its said inspectors, repairers, boiler washers, and hostlers and such matter and scale removed from the interior thereof before the delivery of said engine to intestate for use as a locomotive.

"(5) To have caused the inspectors, repairers, boiler washers, and hostlers so employed by it to examine and inspect the fire box and water space of said engine, to ascertain the condition thereof in regard to the uneven expansion, warped, and burned condition of the iron comprising the same, and loosened and broken stay bolts and rivets therein, before the delivery of said engine to intestate for use as a locomotive.

"(6) To have caused the fire box and water space of said engine to be repaired by the removal of the iron comprising the same that was so unevenly expanded, warped, and burned, and by repairing the same with boiler iron that was suitable for such use, and by replacing the stay bolts and rivets therein that were loosened and broken, before the delivery of said engine to intestate for use as a locomotive."

Said count further alleges, in six separate paragraphs, correspondingly numbered, a failure to perform each one of these several and distinct duties. There is no allegation that said acts of negligence concurred to produce the injury complained of.

The second count is claimed to be based upon Act No. 104 of the Public Acts of 1909, which makes a defendant liable for the negligent acts of its employés. This count states, in substantially the same language, the six duties and breaches of duty found in the first count, imputing them to "defendant and its several officers, agents and employés," and, in addition thereto, also alleges, as a seventh ground, the duty of the fireman to test and examine the water glass to ascertain the amount of water in the boiler, and to keep the same properly filled, with a corresponding averment of a breach of that duty, charging defendant as liable therefor.

Defendant's demurrer is special, full, and complete, specifically traversing each of the several matters complained of. Its import is that the several, separate, and distinct duties and breaches of duties found grouped together in the separate counts render them so multifarious and duplicitous as to violate all rules of pleading, thereby defeating the office and purpose for which a declaration is designed, which is to apprise the defendant of the specific negligence on the part of the defendant which it is claimed caused the accident, and which plaintiff proposes to prove in support of the action brought. The gist of said demurrer is contained in its concluding paragraph, which is as follows:

"Both of these counts are insufficient in law, in that they do not apprise the defendant whether the accident was caused by reason of defective construction of the engine, defective material in the original construction, want of competent inspectors, failure to inspect, failure to repair, failure to remove scale, or failure to keep a sufficient supply of water in the boiler, nor do they give to defendant sufficient information to enable it to intelligently and properly prepare to meet the issues thrust upon it by this

sweeping declaration of duties and neglect of duties. These counts being so drawn as to encompass all possible phases and contingencies that the plaintiff may be able to develop on the trial is a mere fishing expedition without apprising the defendant upon what specific acts or omissions the plaintiff intends to rely so as to enable it to be prepared to meet them, and do not fill the requirements and provisions of a proper pleading in that regard."

The charge that this declaration is a fishing expedition imputes uncertainty and a possible expenditure of time and effort without results, but the suggested uncertainty relates rather to what acts of negligence can be proven than to what are alleged. Fishing is sometimes legitimate, even in the troubled waters of a negligence case.

It is settled beyond debate that a plaintiff may set out his cause of action in different counts of his declaration, with as many different averments of acts of negligence causing the one injury as he sees fit, provided they are not inconsistent, in order to meet possible evidence as it may first fully develop on the trial. As an aid to that end, we have a recent statute which authorizes a litigant to call as witnesses the opposite party and his employés, and cross-examine them, without being bound by their answers. Each of the several charges objected to might unquestionably be set forth in the declaration in separate counts. The serious question is whether or not they can be embodied in a single count. It is true that the practice has become somewhat common in this State to allege in a single count separate and distinct acts of negligence on the part of the defendant, any one of which would be sufficient to sustain a verdict, and many declarations of that character, some of which closely resemble the one under consideration, have passed through this court, but they were either not objected to or the objections raised have, as a rule, been after a plea had been interposed, the court disposing of them on the ground that they had been waived by pleading, and could only be considered on special demurrer. The matter now being before the court

on demurrer, this declaration must be considered more critically than if defendant had gone to trial on a plea to the merits.   The serious import of defendant's demurrer is that the counts objected to are duplicitous and multifarious.

It is a generally recognized rule of pleading that breaches of duty imposed by the common law and breaches of statutory duty, while chargeable in a single action, should be embodied in separate counts.   The majority of cases, in which a count in the declaration alleging two or more acts of negligence capable of contributing to a single injury is held duplicitous, are cases where statutory duties and common-law duties are charged in the same count. That objection has been obviated by the pleader in this case.   We find much conflict of authority as to the legality of charging in one count of a declaration to recover damages for personal injuries two or more acts of negligence on the part of the defendant, which, together or separately considered, might have caused said injury. Many cases from different States well in point have been cited by both sides in support of their respective contentions.   These cannot be reconciled.

It is the claim of defendant that most of the cases cited by plaintiff are from States where a code has been adopted and the strict rules of pleading abandoned.   Such is naturally the case, for the reason that most of our sister States have adopted codes; but we find the decisions from code States are often in marked conflict.   The strongest decision we find in support of defendant's contention is from a code State—*Highland Avenue, etc., R. Co.* v. *Dusenberry,* 94 Ala. 413 (10 South. 274)—which cannot be reconciled with *Flynn* v. *Staples,* 34 App. D. C. 92 (27 L. R. A. [N. S.] 792), *Boireau* v. *Rhode Island Co.* (C. C.), 169 Fed. 1015, *Southern R. Co.* v. *Blanford,* 105 Va. 373 (54 S. E. 1), *Seaboard Air Line* v. *Rentz,* 60 Fla. 449 (54 South. 20), *New York, etc., R. Co.* v. *Robbins,* 38 Ind. App. 172 (76 N. E. 804), and *J. W. Bishop Co.* v. *Shelhorse,* 141 Fed. 643, 72 C. C. A. 337.

"All the different acts of negligence on the part of defendant which caused the injury may be alleged in one paragraph." 29 Cyc. p. 565.

It is said in Black on Proof and Pleadings in Accident Cases, p. 200:

" In most of the United States, the common-law system of pleading has been abolished and the code substituted, by which the cause of action is stated in a complaint or petition, and not, as at common law, in a declaration, yet some of the States still adhere to the common law, and, under the liberal practice now allowed in amending the pleadings, the old common-law system is no more technical than the code."

While this State has no code and the common-law form of pleading obtains, special pleadings have been abolished, and numerous innovations and modifications which formerly would not have been tolerated have been introduced, tending to relax technical rules and simplify the practice. Many different causes of action may now be joined in one declaration, where it was formerly forbidden. Assumpsit may be brought on waiver of tort and the action joined in other causes maintainable in assumpsit. In an action for destruction of one's business and credit, growing out of the breach of a single contract, a series of wrongful acts, aimed at a single result, may be joined in one count. *Oliver* v. *Perkins,* 92 Mich. 304 (52 N. W. 609). It has been held that our practice does not encourage needless repetition of allegations. A multitude of words is not necessary in a declaration, though reasonable certainty is required. Extreme niceties and technical exactness in form is not favored, and many other authoritative rulings and suggestions along the same lines, familiar to the profession, clearly indicate the tendency to eliminate the ultra refinements and technicalities of old forms of common-law pleading.

It was said in *Douglas* v. *Marsh,* 141 Mich. 213 (104 N. W. 625):

" It would have been better pleading to set out the two

possible theories in separate counts, but, unless the one averment negatives the other, the objection of duplicity was not good."

This might be regarded as dictum, as the defendant had pleaded to the declaration in that case, but it was, at least, an intimation of the tendency to relax old technical rules, for, under them, the objection of duplicity would have been good.

It is material to note in this connection that a plea of the general issue, which would be fatally defective for duplicity and multifariousness under the old, strict rules of pleading, is now a denial of all material facts and allegations contained in a plaintiff's declaration.    In the States where, even under a code, a plea or answer must separately traverse and meet the averments in plaintiff's declaration or complaint, there is more substantial reason for stricter rules against cumulative charges and duplicity of allegations in a single count.    In this State a plea of the general issue is sufficient pleading to meet all charges of negligence in plaintiff's declaration, whether set forth in two counts or many.    Not necessarily being contradictory, or incompatible, if each was set out in a separate count, they would not be demurrable, and would be no more definite and specific.    In the form they now appear, the duties and breaches of duty averred are as distinctly stated and separately numbered, available for specific objections on the trial of the cause, and for separate treatment by the court in ruling on evidence, and for instructing the jury, as though they were in separate counts.    It is the claim of this defendant that, if this pleading is sustained, counts can be filled with averments of every imaginable act of negligence which might possibly cause an injury, until they became so multifarious and uncertain as to amount to nothing more than a general charge of negligence, giving defendant no definite information as to what it must prepare to meet.

When a declaration fails to advise the defendant with reasonable certainty, according to the circumstances of

the case, of the facts upon which plaintiff proposes to rely, and will seek to prove, it can not be sustained. To a degree, uncertainty necessarily exists in every case where a declaration contains more than one count, and where an accident resulting in injury is attributable to more than one cause; but, if the averments are of related facts, not contradictory, logically connected with a single injury and capable of jointly or separately contributing to or causing it, we think it proper to allege and prove them in one action. In this case we see no useful purpose to be served by requiring that they be in separate counts.

The gravamen of the case is the death of plaintiff's intestate, caused by explosion of the boiler of one of defendant's locomotives, which, owing to defendant's negligence, was not of sufficiently strong construction and not properly cared for. Proof of the accident is not proof of negligence. To recover, plaintiff must not only prove the injury, but establish by a preponderance of competent evidence the particular acts of negligence claimed to have caused it. The defendant, being the owner, and having the possession, care, and control of the locomotive in question, is presumed to have as good, if not better, means of information as to its construction and condition as has the plaintiff. Its construction and condition at the time of the explosion are the condensed issues in the case.

The duties and breach of duties alleged in each count of the declaration are not inconsistent, distinct, or disconnected causes of action, foreign to each other, but related, coexistent acts tending to effect a single, complete result. Under our rules of pleading a single, short plea of the general issue meets and covers them. The following language in *Flynn* v. *Staples, supra,* is peculiarly applicable:

"In this case either both or neither of the alleged acts of negligence may have produced the injury complained of. It is clear that their joint consideration is indispensable to a determination of appellant's right. To compel a separation of them would impose an unreasonable re-

striction upon her, and violate the spirit of all rules of pleading. Both alleged acts of negligence related to substantially the same thing. They are so closely connected in the pleading that the taking away of one must inevitably result in the impairment of the other. In other words, it is impossible to say, without consideration of all the facts, that they did not unitedly produce a common result, and a jury might so find. There was but one result, no matter what produced it; and these acts must be considered, not as separate grievances, but as related acts, whose united or cumulative effect may have produced that result; that is, as two different acts, not as two different counts."

We therefore are of the opinion that the order overruling the demurrer should be affirmed.

OSTRANDER, C. J., and MOORE, BROOKE, and STONE, JJ., concurred.