### DOUGLAS v. TEMPLE MANUFACTURING CO.

MASTER AND SERVANT—PERSONAL INJURIES—ACTIONS—SUFFICIENCY OF DECLARATION.

>  A declaration in an action by a servant against the employer for damages for personal injuries due to the fall of a smokestack, which states the duties of the defendant under eight heads and avers that none of these duties was performed, causing injuries to plaintiff, reasonably informs the defendant of the nature of the case it is called upon to defend, and is sufficient under the judicature act (3 Comp. Laws 1915, § 12454).

Certiorari to Kent; Brown, J. Submitted April 18, 1917. (Docket No. 94.) Decided July 26 1917.

Case by Burt Douglas against the Temple Manufacturing Company for personal injuries. From an order denying a motion to dismiss, defendant brings certiorari. Affirmed.

*Wicks, Fuller & Starr* (*George Clapperton*, of counsel), for appellant.

*Snow & Snow* (*Purcell & Travers*, of counsel), for appellee.

MOORE, J. This is an action to recover damages for injuries which plaintiff claims he received while in the employment of the defendant. The suit was commenced by declaration. The defendant made a motion to dismiss this declaration, which motion was overruled. The plaintiff seeks by writ of certiorari to review the action of the circuit judge in overruling the motion.

There are several errors assigned, but the important contention of defendant may be stated as follows:

"*Fifth.* Affiant calls attention particularly to the following:

"(*a*) That the eight allegations of negligence or breach of duty contained in the declaration in question do not separately or collectively set forth any facts which show negligence, but that such allegations separately and collectively are merely conclusions of the pleader.

"(*b*) That in the declaration in question no ultimate facts are shown upon which to predicate the charge of negligence or with which to connect the allegations of duty.

"(*c*) That according to the declaration in question the plaintiff is claimed to have been injured by the falling of a certain smokestack, but that the said declaration does not by allegation of fact apprise the defendant what caused this stack to fall, and consequently gives defendant no notice whatever of any connection between the alleged falling of the stack and the alleged breaches of duty."

These contentions make it necessary to refer somewhat in detail to the declaration. Omitting the formal opening, it avers the employment of plaintiff by the defendant as a laborer and his inexperience. We quote:

"Plaintiff further avers that, in the construction of said building or buildings aforesaid by the said defendant, it became necessary to erect and place in position for the purposes of its said business a large iron or steel smokestack, which was to have a cement or solid foundation, and which, upon the day and year aforesaid, had been prepared by said defendant and was ready to be used for the purpose intended.

"Plaintiff further avers that, before the day and year aforesaid, said defendant had secured said smokestack, and upon said date was engaged in the erection thereof upon the premises of said defendant aforesaid; that said smokestack was in dimension, to wit, about 72 feet long and about 32 inches in diameter, and was made of metal as aforesaid, of the usual and necessary thickness, prepared and fastened together in the ordinary way, and was heavy and cumbersome to handle,

and required particular methods, skillful and experienced employees, and careful operation upon the part of defendant, or those engaged by it, to place said smokestack in an upright position in the place prepared for it as aforesaid, so that the same could be used by said defendant in the operation of its said business.

"Plaintiff further avers that, being so employed as aforesaid, it then and there became and was the several duty of defendant:   (1) To provide a safe place wherein plaintiff might do the work required of him.   (2) To employ, or see to it that there was employed, in connection with the work of erecting and elevating said smokestack, and placing the same in position, competent servants, agents, and employees, qualified to do said work and in sufficient numbers.   (3) To provide, or see that there was provided, sufficient supports, ropes, cables, hoisting machinery, and apparatus, and of sufficient strength to hoist and place said smokestack in position, and to keep said supports, ropes, cables, hoisting machinery, and apparatus in a reasonably fit condition to do said work and in sufficient repair.   (4) To require all persons doing the work of hoisting and placing said smokestack in position to furnish, provide, and use sufficient materials, supports, and all other machinery, ropes, pulleys, chains, and apparatus, and of sufficient strength to do said work in a safe and prudent manner, and to have the same in good and sufficient repair, and to engage, employ, and furnish sufficient men to do said work in a reasonably safe manner.   (5) To warn and notify plaintiff of the dangers incident to the erection of said smokestack in the manner and way in which the same was to be placed in position.   (6) To furnish and provide, or to see that there was furnished or provided, sufficient ropes, hoisting machinery, and necessary apparatus as well as sufficient men, competent to do the work of hoisting and erecting said smokestack, as might be necessary in view of the hazardous and dangerous character of said work.   (7) To not direct or require plaintiff to do work other than that of his regular employment or of like character.   (8) To not direct or require plaintiff to do or perform a more hazardous character of work than that of his regular employment.

"Plaintiff further avers that the said defendant, its servants, agents, and employees, failed, omitted, and neglected to perform its several duty in the manner heretofore specified, and was guilty of actionable negligence on account of said failure and omissions, as a result of which said plaintiff, being at the time in the exercise of due and ordinary care, and without fault upon his part, was seriously and permanently injured. * * *

"Plaintiff further avers that in the lifting of said smokestack into position it became necessary to raise the bottom thereof about 12 feet from the ground, and to then lift said stack to an upright and perpendicular position, the top of the stack, when in such position, being about 80 feet from the ground; that in raising said smokestack, as aforesaid, a 'gin' pole, so called, was placed near the stack, said pole being, to wit, 54 feet in height, and through the top and over said 'gin' pole ropes were fastened to the said smokestack, and passed through pulleys; that the end of the said smokestack, which was to be placed upon the foundation as aforesaid, was then raised from the ground to a height of about 10 feet, and the other end of the stack was then raised from the ground by means of said 'gin' pole and pulleys as aforesaid, and plaintiff avers that when the top of the said smokestack was about 30 feet from the ground that the butt of the said smokestack, by reason of the negligence of said defendant, its servants, agents, and employees, as aforesaid, and without fault or negligence upon the part of said plaintiff, fell to the ground, striking said plaintiff with great force and violence upon the head, face, legs, and right foot, causing serious and permanent injuries, as hereinafter more specifically stated."

It will be noticed that under eight heads the duties of defendant are stated. It is then averred that none of these duties were performed, and because of the neglect to perform these duties the smokestack fell and plaintiff was hurt. The principles involved are discussed in *Creen* v. *Railroad Co.*, 168 Mich. 104 (133 N. W. 956, Am. & Eng. Ann. Cas. 1913C, 98), and *McDonald* v. *Hall*, 193 Mich. 50 (159 N. W. 358), and

we deem it unnecessary to restate them here. In the judicature act, so called, occurs the following:

"In the actions which are in this act retained, the forms of declaration now in common use may be employed; but no declaration shall be deemed insufficient which shall contain such information as shall reasonably inform the defendant of the nature of the case he is called upon to defend." Judicature Act (Cummins & Beecher's Edition), § 577 (3 Comp. Laws 1915, § 12454).

We think the declaration reasonably informed the defendant of the nature of the case it is called upon to defend.

The order overruling the motion to dismiss is affirmed, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.