VON ZELLEN v. BARAGA CIRCUIT JUDGE.

1. APPEAL AND ERROR—FURTHER EXTENSION OF TIME TO PERFECT APPEAL DISCRETIONARY — ABUSE OF DISCRETION NOT SHOWN — MANDAMUS.

   The granting of a motion to extend the time to perfect an appeal nearly a year after the decree had been filed, and over six months after the last extension of time had expired, is within the discretion of the trial judge, and in the absence of a showing of abuse of discretion, mandamus will not issue to set aside an order denying said motion.[1]

2. SAME—COST BOND—STAY BOND.

   A cost bond on appeal does not operate as a stay bond.[2]

Mandamus by John O. VonZellen to compel John G. Stone, circuit judge of Baraga county, to set aside an order denying an extension of time to perfect an appeal. Submitted October 6, 1925. (Calendar No. 32,118.) Writ denied October 27, 1925.

[1]Appeal and Error, 3 C. J. § 1078; [2]Id., 3 C. J. § 1428.

*George Barstow,* for plaintiff.

*Knappen, Uhl & Bryant* and *Miller, Eldredge & Eldredge,* for defendant.

Steere, J.    Appellant seeks by mandamus to compel defendant to set aside an order made April 13, 1925, in the circuit court of Baraga county, refusing to "sign a case made or extend the time in which said case on appeal may be settled and the record may be signed," in a chancery suit begun and heard in said court, entitled Grand Rapids Trust Company, a Michigan corporation, as trustee of Charles E. Cartier and Edward M. Holland, copartners trading under the name of Cartier-Holland Lumber Company, *v.* John O. VonZellen and John O. VonZellen and Oscar Von Zellen, copartners under the name of Arvon Lumber Company.

The bill in that suit was filed to foreclose a mortgage on lands in Baraga county.    It was heard and submitted the latter part of April, 1924.    A decree of foreclosure was rendered in plaintiff's favor dated May 10, 1924, and filed on May 12, 1924.    On May 19, 1924, Walter M. Nelson of Detroit was substituted as counsel for appellant in the place of the previous attorney of record.    On that date appellant's claim of appeal in said suit was filed and served.    Within the time required by law the clerk's fee on appeal was paid and a costs bond in the sum of $250 filed. The stenographer's certificate showing that transcript of the testimony had been ordered was filed on May 29, 1924, a consent order was entered extending time for perfecting the appeal to August 29, 1924.    A transcript of the testimony was furnished appellant's counsel July 8, 1924.    On August 19, 1924, a consent order was made on appellant's motion further extending the time to perfect his appeal to September 29, 1924.    Within the time so extended appellant's appeal

was not perfected.    No cost or stay bond on appeal was approved by the judge who heard the suit, nor presented to him for approval after notice to plaintiff's counsel of time and place, nor was any case containing the evidence for review presented to the judge for settlement in compliance with Circuit Court Rule No. 66 on or before September 29, 1924.    No further application was made to extend the time until April 13, 1925, when the motion in question here was presented to the trial judge, after proper notice to opposing counsel, by attorney George Barstow, of Menominee, who had recently been substituted as counsel in place of Attorney Walter M. Nelson, of Detroit.    This motion was not noticed for hearing until after plaintiff's counsel had caused the circuit court commissioner of Baraga county to advertise a foreclosure sale of the mortgaged premises to be held on February 16, 1925, pursuant to the decree of foreclosure in said suit.    The sale was adjourned at the request of appellant's counsel to March 16, 1925, and on that day again adjourned at appellant's request to April 16, 1925.

Affidavits of the respective sides were presented in support of and against this motion.    That granting or denying the same nearly a year after the decree had been on due notice settled, signed and filed, and over six months after the last extension of time had expired, was discretionary with the judge who heard the case is well settled.    *Ostrander* v. *Alpena Circuit Judge*, 211 Mich. 575; *Lapham* v. *Wayne Circuit Judge*, 231 Mich. 449, and cases there cited.

The only question before us is whether appellant's protracted delay was excused and good cause for extension of time so clearly shown on April 13, 1925, that the circuit judge can affirmatively be found guilty of an abuse of discretion in denying said motion.

It appears by the affidavit of Attorney Nelson that

in the months of August and September, 1924, he prepared a case made for review and caused the same to be printed in the form of galley sheets, one set of which he sent to plaintiff's attorneys in Grand Rapids who acknowledged its receipt; that he thereafter received from them suggestions for alterations and modifications of the same which he incorporated in the galley sheets, and so corrected had the record of the case for appeal printed; that later certain omissions were noted, information for which was furnished by plaintiff's attorneys, and by agreement inserted by him in said record; that "the record of the case made was agreed upon by attorneys for the parties hereto a considerable period before the 29th of September, 1924."

The version of plaintiff's counsel as to that transaction is that without previous arrangement Attorney Nelson sent them so-called "galley proof" of the proposed record without any transcript of the testimony, which they thereupon requested and received from him. They then made certain corrections in the proposed record; but there were yet certain blanks in the galley proofs for which they did not have the information; there was at no time any intention of treating said printed record received and partially corrected by them as a record of the case on appeal without the same having been first submitted to the court and approved by it, and they at no time consented that the same "be printed and filed before it was agreed to by counsel for plaintiffs and approved by the court," nor to extension of time to settle the same beyond September 29, 1924.

Between May 27th and September 13, 1924, there was some correspondence between the judge who heard the suit and appellant's counsel. It is argued as a ground for holding defendant abused his judicial discretion in declining to grant appellant's motion

presented on April 13, 1925, for settlement of the case or further extension of time, that in a letter of May 31, 1924, to Attorney Nelson, advising that the $250 cost bond filed with the clerk of Baraga county had not been presented for approval, he indicated that a suitable stay bond would be required "for the purpose of settling the case and perfecting your appeal." In the connection used we see nothing misleading in this quotation. First referring to the cost bond the judge said no application had been made to him to designate the penalty or approve form and sureties, cited the sections of the statute relative to bonds on appeal, and said:

"I shall be satisfied with a bond in the penal sum of $5,000, but in order that you may have a stay for the purpose of settling the case and perfecting your appeal and that the appeal may operate as a stay, you must have the condition of the bond comply with the statute above cited."

On June 3, 1924, appellant's counsel replied, saying among other things, "It is the desire of the defendants that the bond approved by you shall operate as stay until the determination of the case." He also submitted on that subject the "two propositions" that a bond for security for costs alone would be sufficient because the value of the lands against which fore-closure was decreed "amply covers the amount found due" and in event the judge felt "the bond should secure not only the payment of costs but should provide a duplicated security for the payment of the principal sum with interest" he respectfully submitted that the bond "should be only a reasonable sum—more than the total found due, as for instance $3,750 or $4,000."

On June 6, 1924, the judge replied, referring to and repeating in part the statements in his previous letter, again cited the statute and advised that the cost bond filed could not operate as a stay bond, he considered

$5,000 as a reasonable amount for such bond, and suggested a bond in that amount conditioned as required by statute could be prepared, "and either give notice of its presentation for appeal to me, or secure the consent of counsel for the plaintiffs."

Certainly a cost bond on appeal does not operate as a stay bond. We find nothing in these letters but helpful suggestions with reference to the requirements of the statute and designation of the amount of the bond to be given as the statute requires for a bond which, as appellant's counsel wrote was desired, "shall operate as a stay until determination of the appeal."

Defendant's answer upon order to show cause states in part:

"That since September 12, 1924, this defendant heard nothing more from said Nelson regarding his appeal. That the last extension of time granted by him expired September 29, 1924. That no application was ever made to extend the same until application of April 13, 1925. That thereafter, this defendant was in Detroit from December 8, 1924, to December 22, 1924, holding court in the Wayne circuit. * * * That on said occasion this defendant did see said Nelson and called his attention to the fact that nothing had been done by said Nelson regarding the matter, and that the cost bond had never been noticed for approval or approved by stipulation, and that no stay bond had been filed and noticed for approval or was such notice ever waived or was such approval ever consented to or was such bond ever approved, and no case settled on appeal; * * * of all of which defendant had previously notified him in writing by the correspondence. * * * That between September 29, 1924, when the last extension of time expired, and April 13, 1925, when plaintiff's motion to settle a case or for an extension of time was made, this defendant had held terms of court in Baraga county as follows: October 22, 23 and 25, 1924, and January 12, 13 and 14, 1925. * * *

"That in denying plaintiff's motion to settle a case on appeal or to extend the time, defendant acted in the exercise of his best discretion and believed and still

believes that from July 8, 1924, the date when the transcript of testimony was furnished to defendant in that suit, until September 29, 1924, when the last extension of time expired, defendant therein had ample time to perfect his appeal; and that no showing whatever was made in support of said motion sufficient to warrant this defendant, after more than six months additional delay had occurred, without plaintiff having made any effort to secure an extension of time or settle a case on appeal, and on the eve of the foreclosure sale, in signing the case made or granting an extension of time at that late date."

We are unable to affirmatively find that this record establishes the abuse of judicial discretion charged.

Writ denied.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.