## VON ZELLEN *v.* WESTROM.

TRESPASS—PLEADING—AVERMENT OF OWNERSHIP.

> On appeal from judgment upon directed verdict at close of plaintiff's opening statement in action for trespass by cutting and removal of timber "standing on certain land of said plaintiff" such averment of ownership, followed by description of land involved, *held,* sufficient, where same land had been involved in previous litigation between same parties, defendant's answer specifically denied plaintiff's ownership at time of alleged trespasses, defendant made no motion to dismiss declaration and statute of limitations has run against plaintiff, since declaration did reasonably inform defendant of the nature of the case it was called upon to defend, under liberal construction of statutes as to pleading (3 Comp. Laws 1929, §§ 13976, 14118, 14144, 15124; Court Rule No. 19, § 1 [1933]).

Appeal from Baraga; Stone (John G.), J. Submitted January 9, 1936. (Docket No. 31, Calendar No. 38,721.) Decided March 2, 1936. Rehearing denied April 7, 1936.

Case by John O. Von Zellen, individually and as surviving member of his partnership with Oscar Von Zellen, against Verner Westrom and Grand Rapids Trust Company, a Michigan corporation, for recovery of treble damages for trespass on land and cutting of timber. Discontinuance was had as to plaintiff as survivor and as to defendant Westrom. Directed verdict and judgment for defendant Trust Company. Plaintiff appeals. Reversed and remanded.

*Erickson & Erickson,* for plaintiff.

*Knappen, Uhl, Bryant & Snow* and *Miller, Eldredge & Eldredge,* for defendant.

BUSHNELL, J. The background out of which the present issue arises may be gained from the factual statements of *Von Zellen* v. *Baraga Circuit Judge,* 232 Mich. 568; *Grand Rapids Trust Co.* v. *Von Zellen,* 260 Mich. 341, and *Grand Rapids Trust Co.* v. *Von Zellen,* 267 Mich. 533. The pendency of the instant action is referred to on page 539 of the last named opinion as is the invalid highway deed on page 536.

The action before us is one to recover damages for trespass on mortgaged lands incident to the building of trunk line highway No. 35. Plaintiff claims that during the construction of the highway standing timber was cut and removed from a right of way 200 or 300 feet wide and over a mile in length on this land. At the time of the alleged trespass (1930-1931), since the mortgage foreclosure had not been completed, it is argued that defendant trust company had no right to sell land to the State or to take timber therefrom.

Plaintiff abandoned the second and third count of his declaration and stands upon the first count which reads:

"1. That the said defendants on, to-wit, the 1st day of November, A. D. 1930, and on divers other days and times between that day and the date of the commencement of this suit, with force and arms contrary to the provisions of 3 Comp. Laws 1929, § 15124, relative to trespasses on lands, did enter upon, cut down and carry off certain logs, to-wit, 3,000, of great value, to-wit, of the value of $7,500, of him, the said plaintiff, then and there being and standing on certain land of said plaintiff, to-wit, the northwest quarter of section 34, township 52 north, of range 31 west, containing 160 acres more or less, without the leave of the said plaintiff.

"2. That thereby the said defendants have, by virtue of the said statute, forfeited and become lia-

ble to the said plaintiff in three times the amount of damages sustained by the said plaintiff by reason of the premises.''

At the conclusion of plaintiff's opening statement, defendant moved for a directed verdict. We quote the ensuing colloquy and the trial court's ruling:

"*Mr. Eldredge:* I wish to move for a directed verdict in favor of the defendant on the opening statement on the ground that under the practice in vogue in this State, under the judicature act, it does not state a cause of action, nor does the declaration state a cause of action under any recognized forms of pleading under that act.

"*Court:* Are you confining yourself merely to the form of the action under the first count with reference to the statute which abolishes the action of trespass, or are you speaking generally?

"*Mr. Eldredge:* I am speaking generally.

"*Court:* I will say to you, gentlemen of the jury, that under the opening statement there can be no recovery by the plaintiff in this case. The first count of the declaration as now amended, and with the second and third counts stricken, is a cause as alleged in the first count, John O. Von Zellen individually against the Grand Rapids Trust Company as sole defendant. It purports to be planted under a section of our statute which gives a right of recovery of treble damages to the owner of the land if he is alleged by the declaration to be the owner of the land, against anyone who without leave of the owner of the land enters upon the land and cuts down and carries away trees and timber.

"The first count does not meet the test as laid down by the Supreme Court of a good declaration under the treble damage statute. There might, nevertheless, be a recovery under that count for which we might call simple trespass. The count is not a count in trespass on the case, but if it is anything, it is a count in an action of trespass which has

been abolished by statute, and which by statute must be brought now in trespass on the case. So that the first count does not meet that test.

"Furthermore, by the opening statement of counsel the trespass was committed by the State of Michigan through its highway department; that is, the State, through the highway department, entered, cut down the trees, and it is. claimed by the opening statement that the defendant some time afterwards claimed possession of them, which, if it gave any cause of action at all, would be a cause of action in conversion and not in trespass for injury to the inheritance or to the land.

"So I say that under the opening statement there can't be any recovery against the defendant, the Grand Rapids Trust Company, under the first count of the declaration and the opening statement of counsel.

"I therefore instruct you to rise in your seats and render a verdict of not guilty."

Plaintiff appeals from the ruling of the court.

Section 15124, 3 Comp. Laws 1929, being that relied upon in the declaration, provides:

"Any person who shall cut down or carry off, any wood, underwood, trees or timber, or shall girdle or otherwise despoil or injure any trees on the land of any other person, or shall dig up or shall carry away any stone, ore, gravel, clay, sand, turf, or mould from such land, or any roots, fruit, or plants there being, or cut down or carry away any grass, hay, or any kind of grain standing, growing or being on such land, without the leave of the owner thereof, or on the lands or commons of any city, township, village or corporations without license therefor given, shall be liable to the owner of such land, or to such corporation, in three times the amount of damages which shall be assessed therefor in an action of trespass, by a jury, or by a justice of the peace in the cases provided by law."

The statute quoted is referred to in the authority quoted below as 3 Comp. Laws 1897, § 11204.*

Defendant argues in support of the directed verdict that plaintiff's amended declaration does not state a cause of action under the statute because recovery can only be had by an allegation of ownership of land and proof of title unless such title is admitted by defendant, citing *Achey* v. *Hull,* 7 Mich. 423; *Clark* v. *Field,* 42 Mich. 342, and *Maynard* v. *Reynolds,* 137 Mich. 42.

In the latter case the majority opinion says:

"The averment in the declaration in question that the trees were standing 'on the land of the said plaintiff' could be established by proving plaintiff's possession of the land. This averment is not, therefore, a claim of title. * * * Defendant had a right to act upon the assumption that the only title plaintiff asserted to the land was possession."

But the writer of the opinion says:

"The only question then is, Did defendant admit plaintiff's title to the land?"

The court then held that the judgment of the circuit court reversing a judgment for plaintiff in the justice court should be affirmed because title to land was in question.

If it be the view of the trial court and counsel that the foregoing cases are authority for the holding that plaintiff's declaration is insufficient, the reply may be found in the case of *Clark* v. *Field, supra,* which says:

"The court declined to charge that the declaration contained no such averment of Field's ownership as would allow a finding in his favor, and the bill of exceptions brings up this ruling and an excep-

---

* Amended by Act No. 111, Pub. Acts 1915.—Reporter.

tion to it. It is enough to say that the declaration contains a statement of ownership sufficient to support proof of a holding by Field in fee simple, and if we admit a failure to allege the title with the directness and certainty dictated by the rules of pleading (*Achey* v. *Hull*, 7 Mich. 423, 430), still the objection is purely technical, and is not well raised. The point should have been made by demurrer."

The rules of pleading have changed since *Maynard* v. *Reynolds, supra.* The judicature act, Act No. 314, Pub. Acts 1915, expressly excepted 3 Comp. Laws 1929, § 15124 (3 Comp. Laws 1897, § 11204), from repeal. See 3 Comp. Laws 1929, § 16287. This act also contains chapter 14, entitled: "Of pleadings at law and equity," and section 2 thereof, being 3 Comp. Laws 1929, § 14118, reads:

"In the actions which are in this act retained, the forms of declaration now in common use may be employed; but no declaration shall be deemed insufficient which shall contain such information as shall reasonably inform the defendant of the nature of the case he is called upon to defend."

Court Rule No. 19, § 1 (1933), uses similar language with respect to form and contents of declaration.

Abbott's Cyclopedia of Michigan Practice (2d Ed.), (1920), p. 1789, says:

"The declaration should clearly describe the premises trespassed on and it is always safer to clearly state plaintiff's title and possession; although in the statutory action to recover treble damages, possession need not be alleged." (Citing *Achey* v. *Hull,* 7 Mich. 423.)

Following an extended discussion on the subject, this practice book gives a "Form of count for trespass on lands under the statute," which was sub-

stantially followed by the plaintiff, the suggested form using the words "standing on certain lands of the said plaintiff, to-wit."

Judge Searl in his recent work on Michigan Pleading and Practice (1934), § 136, says:

"The tendency for many years has been to eliminate the ultra refinements and technicalities of old forms of common law pleadings," and cites in support of this view, *Douglas* v. *Marsh,* 141 Mich. 209, and *Creen* v. *Railroad Co.,* 168 Mich. 104 (Ann. Cas. 1913 C, 98).

He continues:

"And after the passage of the judicature act and before the adoption of the 1931 court rules the tendency of the decisions in that respect has been more noticeable," citing, *Douglas* v. *Temple Manfg. Co.,* 197 Mich. 138; *Sayre* v. *Railway Co.,* 205 Mich. 294; *Anderson* v. *Matt,* 223 Mich. 534; and *Watkins* v. *Wayne Circuit Judge,* 247 Mich. 237.

In the *Creen Case,* which was decided prior to the passage of the judicature act, a demurrer to the declaration was overruled with the suggestion that:

"Extreme niceties and technical exactness in form is not favored, and many other authoritative rulings and suggestions along the same lines, familiar to the profession, clearly indicate the tendency to eliminate ultra refinements and technicalities of old forms of common-law pleadings."

In *Douglas* v. *Temple Manfg. Co., supra,* the declaration and a motion to dismiss were analyzed, the statute, 3 Comp. Laws 1929, § 14118 (3 Comp. Laws 1915, § 12454), quoted, and the conclusion reached that:

"The declaration reasonably informed the defendant of the nature of the case it was called upon to defend."

On certiorari, the order denying the motion to dismiss was affirmed.

The *Sayre Case, supra,* was an action for the negligent burning of property and the question was as to the allowance of amendments to the declaration. The statute was again construed as well as a court rule which contained the present language of our rule, Court Rule No. 19, § 1 (1933). The court said:

"The fact that no demurrer was interposed, or motion made, and in view of the present liberal rule relating to pleadings, we cannot say that the declaration was insufficient."

The negligence case of *Anderson* v. *Matt, supra,* was again a vehicle for an additional observation of the applicability of section 14118 (3 Comp. Laws 1915, § 12454).

We issued a writ of mandamus to set aside an order vacating a default judgment in the *Watkins Case, supra,* saying:

"We need not determine whether the default of, and judgment against, Atkins are a nullity because the declaration would not be good as against a general demurrer (see 3 Comp. Laws 1915, §§ 12482, 12480 [now 3 Comp. Laws 1929, §§ 14148, 14146]), as we are satisfied the declaration states, somewhat imperfectly, a cause of action."

We have recently said in reference to sections 14118, 14144:

"Under these provisions the common-law rules relating to pleadings have been applied with much less strictness." *August* v. *Collins,* 260 Mich. 232, 236.

And

"Under the rather liberal rules of pleading prevalent in this jurisdiction, the first count in plaintiff's declaration should not be held to be bad for duplicity." *Sidlowski* v. *Metropolitan Life Ins. Co.,* 270 Mich. 12, 17.

It is difficult to understand how defendant could have been misled by the absence of an averment of plaintiff's title in view of the other litigation between the same parties mentioned in the opening paragraph of this opinion. Nor can we say that the declaration did not reasonably inform defendant of the nature of the case it was called upon to defend.

Defendant's claim that it did not know that plaintiff intended to prove his ownership of the land is a variance with the amended answer to count 1, which says:

"These defendants deny that the lands therein described were owned by the said plaintiff at any of the time the alleged trespasses were supposed to have been committed."

Defendant did not move to dismiss the declaration, but waited until the time of trial to object when, if successful, the statute of limitations (3 Comp. Laws 1929, § 13976) would have run against the plaintiff. We also note that the question of justice court jurisdiction is not involved.

The annotated cases under section 14118 in both 3 Comp. Laws 1929, and Mason's 1935 Supplement, as well as those found under Court Rule No. 19 (1933) in Mason's Supplement, indicate a liberal construction of a statute, the wisdom of which has not been questioned. Such a construction must be considered in this instance as contrary to the state-

ment of a bare majority of this court in *Maynard*
v. *Reynolds, supra.*

The judgment entered upon the directed verdict
is set aside and the cause is remanded for further
proceedings, appellant to have his costs.

NORTH, C. J., and FEAD, BUTZEL, EDWARD M.
SHARPE, POTTER, and TOY, JJ., concurred.

WIEST, J. I concur in the result.

In the absence of a motion to dismiss, under which
leave to amend would have been granted, the dec-
laration was sufficient.

NORTH, C. J., and FEAD, BUTZEL, and TOY, JJ.,
concurred with WIEST, J.